**HOLT, Appellee,**

**v.**

**DIAMANTOPOULOS et al., Appellants.**

[Cite as *Holt v. Diamantopoulos* (1989), 65 Ohio App.3d 723.]

Court of Appeals of Ohio,
Summit County.

No. 14119.

Decided Dec. 20, 1989.

724

*Frank E. Steel, Jr.,* for appellee.
*Edward A. Nolfi,* for appellants.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of defendants-appellants, Ioannis Diamantopoulos and Yiannes Auto, Inc., from the judgment entered by the Summit County Court of Common Pleas in favor of plaintiff-appellee, Delores A. Holt.

Appellee bought from appellants a used 1981 Ford LTD with an odometer reading of 51,438 miles. Upon receiving title to the vehicle she discovered that the actual mileage was 151,438 miles. Appellee sued for recovery of the purchase price and for punitive damages on the basis of misrepresentation.

The parties agreed to submit their dispute to a board of arbitrators pursuant to Summit County Loc.R. 10. At the hearing before the board, apparently no transcript of the proceedings was made.[1] The arbitrators issued their report and award in favor of appellee in the amount of $2,500 on March 3, 1989. As the appellants did not file notice of appeal to the common pleas court within thirty days of the board's decision, as required by Loc.R.

---

1. Loc.R. 10.13 reads, in part:
 "The arbitrators shall not be required to make a transcript of the proceedings before them. Any party desiring a transcript shall provide a court reporter and cause a record to be made. * * *"

10.17(A), the common pleas court entered judgment in accordance with the findings of the arbitration board, pursuant to Loc.R. 10.15, on April 14. Appellants filed notice of appeal from this judgment to this court on May 12.

On May 30, appellants filed a statement of evidence with the common pleas court pursuant to App.R. 9(C). Appellee filed objections to the statement of evidence on June 13. On June 14, the common pleas court declined to act on the statement of evidence, on the ground that appellants had waived their right to appeal to this court by failure to appeal to the common pleas court pursuant to Loc.R. 10.17(B)(2).[2]

Appellants filed a motion to this court, requesting that an order be issued to require the trial court to compile the requested statement of the evidence. We denied appellants' motion on the ground that the trial court could not approve any statement of evidence when the facts of the case were never presented to it.

Appellants assign four errors on appeal.

### Assignments of Error

"I. The trial court erred to the prejudice of defendants, when it refused to compile an App.R. 9(C) Statement of Evidence, on the ground that defendants had no appeal to this court. This court compounded the error when it denied defendants-appellants [*sic*] motion to order the trial court to compile the statement of evidence, on the ground that 'the facts of the case were never before the (trial court).'

"II. The trial court erred to the prejudice of defendant, Ioannis Diamanto-poulos, when it found him personally liable for the negligence of another person who was not his agent, employee, or servant.

"III. The trial court erred to the prejudice of defendants, when it awarded plaintiff damages consisting of the full purchase price of the automobile, while allowing plaintiff to keep the useful and valuable automobile.

"IV. The trial court erred to the prejudice of defendants, when it awarded plaintiff damages for negligent misrepresentation of the automobile, where Plaintiff waived the right to sue on that cause of action by purchasing the automobile 'as is'—and performing according to that contract!"

 Summit County Loc.R. 10, which sets forth rules and procedures governing hearings before the board of arbitration, was adopted pursuant to C.P.Sup.R. 15, and its requirements are consistent with the provisions of that

---

**2.** There is no entry in the record reflecting this; appellants claim that the common pleas court judge made his refusal orally to appellants, while in the judge's chambers.

rule. Loc.R. 10.17(A) grants any party the right to appeal from a decision of the arbitration board:

"Any party may appeal from the action of the Board of Arbitration to the Common Pleas Court of Summit County. The right of appeal shall be subject to compliance with the conditions set forth in this Rule within thirty (30) days after the filing of the report and award of the Board of Arbitration with the Clerk of Courts. * * * "

Upon such appeal, the case returns to the judge to whom it was originally assigned for trial, and it proceeds as a trial *de novo*. Loc.R. 10.17(E). Failure to file timely notice of appeal to the common pleas court is deemed a waiver of the right to appeal from the findings of the arbitration board. Loc.R. 10.17(B)(2). The effect of a failure to properly appeal such a decision is to make that decision final, as the trial court is required to enter judgment in accordance with the findings of the board unless such appeal has been filed. Loc.R. 10.15.

Through procedural error due to misinterpretation of the above rules, appellants have effectively precluded this court from addressing any substantive issues raised by this appeal. Appellants claim that they chose to forgo trial *de novo* in the trial court because they did not dispute the board's findings of fact, but wanted to appeal solely on the board's "application of the law." Appellants contend that the language of Loc.R. 17—"Any party may appeal from the action of the Board of Arbitration to the Common Pleas Court"—gives them the option of appealing either to the common pleas court or—as they chose to do—directly to this court.

Appellants fail to recognize that the proper forum for an appeal is a matter of jurisdiction, and that courts are limited to the jurisdiction granted to them by statute, or by rules promulgated pursuant to statute. See *Seventh Urban, Inc. v. University Circle Property Dev., Inc.* (1981), 67 Ohio St.2d 19, 21 O.O.3d 12, 423 N.E.2d 1070. Nowhere is it implied or contemplated, either in the Rules of Superintendence or in the local rules, that a court of appeals can hear appeals directly from a decision of the board of arbitration. The jurisdiction of a court of appeals is generally limited to appeals from courts of record, Section 3(B)(2), Article IV, Ohio Constitution, and a board of arbitration is not a court of record. It is partly for this reason, for example, that the first appeal from a decision of an administrative body must generally be made to a common pleas court, which is a court of record. R.C. 2506.01.

The term "may" in Loc.R. 10.17(A) is a grant of authority, but it is not to be read as granting to a party the right to go "forum shopping," as appellants would have it. The proper reading of the rule is that any party who desires to appeal the decision of the board of arbitration may appeal to the common

pleas court—and only to that court. It is only after this remedy is exhausted, through trial *de novo* and final judgment in the common pleas court, that such appeal may be brought to this court. Having failed to perfect their appeal in the proper forum, appellants have effectively waived their right of appeal.

Appellants' assignments of error fail on other grounds as well. It is a well-established principle of appellate procedure that an appeals court will not consider issues that could have been, but were not, raised in the court below. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 278. On this basis, we would not need to address assignments of error two, three, or four, as appellants have bypassed the trial court and now attempt to have this court review for the first time the board's decision. Even if we were inclined to do so, we could not review these assignments of error for the simple fact that there is nothing in the record upon which to base such analysis. Despite appellants' claim that these are questions of "application of the law," they are inextricably bound up with questions of fact. Having chosen to forgo trial *de novo* in the common pleas court, appellants lost their opportunity to create a record of evidence for this court to review.

Appellants claim, however, that this situation is due to error by the trial court in refusing to compile a statement of evidence pursuant to App.R. 9(C)— and error on the part of *this* court in refusing to order the trial court to do so. We refrain from comment upon the procedural propriety of assigning as error matters that occurred outside the record, after the entry of final judgment, and after the filing of the notice of appeal, or of assigning as error to an appeals court one of its own rulings. We merely note here that a trial court can approve a statement of evidence pursuant to App.R. 9(C) only insofar as that evidence has been presented to it at trial. To require a trial court to settle disagreements as to what the evidence was when there never was evidence before that court would be an absurdity. Even though no record of the proceedings was made, appellants assert that the trial court could have called upon the arbitration panel to help reconstruct the testimonial evidence presented at the hearing. Such a procedure would not only be unnecessarily taxing on the court's resources, but would likely require far more time than the trial *de novo* to which appellants were entitled, yet chose to forgo.

Appellants' assignments of error are overruled.

The judgment is affirmed.

*Judgment affirmed.*

REECE and CIRIGLIANO, JJ., concur.