OPINION
Appellant Michael Loomis is appealing the decision of the Delaware County Court of Common Pleas that affirmed an arbitration award against him in the amount of $6,980. The following facts give rise to this appeal.
The contract at issue in this matter involved the construction of a log home. Appellant filed a complaint, for breach of contract, against Appellee Prestige Builders ("Prestige") on November 15, 1996. Prestige timely filed an answer and a counterclaim alleging breach of contract. By agreement of the parties, this matter went to arbitration before a three-person arbitration panel. The arbitration panel filed an award on March 23, 1998, finding against appellant and in favor of appellee in the amount of $6,980.
The trial court approved the arbitration award on May 13, 1998, without either party appealing the decision of the arbitration panel. Thereafter, appellant filed a notice of appeal to this Court and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY ACCEPTING THE ARBITRATION REPORT AS SAID REPORT DOES NOT APPLY THE PROPER MEASURE OF DAMAGES UNDER CONTRACT LAW.
 II. THE TRIAL COURT ERRED BY ACCEPTING THE ARBITRATION REPORT AS SAID REPORT DOES NOT APPLY THE CONTRACT PRINCIPLE OF SUBSTANTIAL PERFORMANCE.
 III. THE TRIAL COURT ERRED BY ACCEPTING THE ARBITRATION REPORT AS SAID REPORT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II, III
We will address appellant's three assignments of error simultaneously. Upon review of the record in this matter, we find this Court lacks subject matter jurisdiction to address the issues appellant raises on appeal. Although neither party assigns as error the issue of subject matter jurisdiction, the issue of subject matter jurisdiction may be raised, sua sponte, by the Court, for the first time on appeal. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds, Manning v.Ohio State Library Bd. (1991), 62 Ohio St.3d 24, 29. We find this Court lacks subject matter jurisdiction to address appellant's three assignments of error. Delaware Loc.R. 40.17(A) provides:
 (A) Right of Appeal De Novo and Filing Requirements. Any party may appeal an award of the Board of Arbitration to the Common Pleas Court of Delaware County, if within 30 days after the filing of the award with the Clerk of Courts, the party does both of the following: * * *.
Upon appeal of an arbitration award, the case returns to the trial court and it proceeds as a trial de novo. Loc.R. 40.17(D). Further, under Loc.R. 40.15, failure to timely file an appeal from the arbitration board waives a party's right to appeal from the findings of the arbitration board. This portion of Loc.R. 40.15 provides: "* * * If no appeal is taken within the time and in the manner specified, the Court shall enter a judgment in accordance with the report and award. * * *."
Pursuant to the above quoted rules, any party who seeks to appeal the decision of the board of arbitration may appeal to the trial court. Only after this remedy is exhausted, through trialde novo and final judgment in the common pleas court, may an appeal be brought to this Court. See Holt v. Diamantopoulos
(1989), 65 Ohio App.3d 723, 726-727. In reaching this conclusion, in Holt, the court stated:
 * * * courts are limited to the jurisdiction granted to them by statute, or by rules promulgated pursuant to statute. [Citations omitted.] Nowhere is it implied or contemplated, either in the Rules of Superintendence or in the local rules, that a court of appeals can hear appeals directly from a decision of the board of arbitration. The jurisdiction of a court of appeals is generally limited to appeals from courts of record, Section 3(B)(2), Article IV, Ohio Constitution, and a board of arbitration is not a court of record. It is partly for this reason, for example, that the first appeal from a decision of an administrative body must generally be made to a common pleas court, which is a court of record. Id. at 726.
Pursuant to our determination that we do not have subject matter jurisdiction over this appeal, appellant's first, second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.