Fox, APPELLANT, *v.* EATON CORPORATION, APPELLEE.

(No. 76-226—Decided December 15, 1976.)

*Messrs. Celebrezze, McGrath, Iler & Westley* and *Mr. James J. McGrath,* for appellant.
*Mr. John P. Palumbo,* for appellee.

McCormac, J. Appellant asserted a claim in the Court of Common Pleas based solely on a claimed violation of Title VII of the Civil Rights Act of 1964, as amended in 1972, popularly known as the Equal Employment Opportunity Act of 1972, Title 42, Section 2000e *et seq.,* U. S. Code. As regards jurisdiction of a civil action by the person aggrieved, Title 42, Section 2000e-5(f)(3), U. S. Code, provides, in pertinent part, as follows:

"Each United States District Court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title. * * *"

It is thus clear from the federal Act giving rise to the claim herein that subject-matter jurisdiction is vested exclusively in the proper federal court.

Moreover, appellant was so informed by the "right to sue" letter referred to in stipulations Nos. 5 and 6, which read, as pertinent:

"Therefore, pursuant to Section 706(F) of Title VII, you may *within 90 days of your receipt of this notice,*

institute a civil action in the United States District Court having jurisdiction over your case.

"Should you decide to commence judicial action, you must do so within 90 days of the receipt of this letter or you will lose your right to sue under Title VII."

Although lack of subject-matter jurisdiction was not asserted previously in this action, it may be raised, *sua sponte*, by the court at any stage in the proceedings. Civ. R. 12(H). The lack of subject-matter jurisdiction may be raised for the first time on appeal. *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, 216 N. E. 2d 379. The parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking.

The judgment of the Court of Appeals is reversed and the cause is dismissed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

McCORMAC, J., of the Tenth Appellate District, sitting for CELEBREZZE, J.