**HARRIS, Exrx., Appellant,**

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES et al., Appellees.**

[Cite as *Harris v. Ohio Dept. of Adm. Serv.* (1989), 63 Ohio App.3d 115.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–173.

Decided Aug. 31, 1989.

*Lois M. Drossman,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Michael W. Gleespen,* for appellees.

———

WHITESIDE, Judge.

Plaintiff, Patricia Harris, both individually and as executor of the estate of Ralph Harris, appeals a judgment of the Ohio Court of Claims dismissing her complaint against defendants, Ohio Department of Administrative Services et al., and raises this sole assignment of error:

"The Court of Claims erred in refusing to take jurisdiction of the questions of age discrimination of a state employee under Ohio Revised Code 4101.17 because there is no other remedy for state employees under law and practice."

Plaintiff filed a complaint in the Court of Claims and, following several amendments, it alleged that " * * * defendants abolished Ralph Harris' job without just cause and hired younger employees in his place discriminating against him on the basis of his age, in violation of Ohio Revised Code 4101.17 et seq." Furthermore, this amended complaint alleged that Harris' death was a proximate result of defendants' illegal conduct. Plaintiff prayed for damages for wrongful death as executor of his estate and also damages for loss of consortium, individually.

The Court of Claims entered an order of dismissal pursuant to Civ.R. 12(B)(1), for lack of subject-matter jurisdiction. It is from this decision that plaintiff timely appeals.

Plaintiff filed the complaint pursuant to R.C. 4101.17, which provides in pertinent part:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

"(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section *may institute a civil action against the employer in a court of competent jurisdiction.* * * * " (Emphasis added.) See 138 Ohio Laws, Part I, 2268.

Prior to its amendment in 1979 by the addition of R.C. 4101.17(B) (137 Ohio Laws, Part II, 3062), violations of R.C. 4101.17 by an employer could not be the predicate of a civil action for damages. See the syllabus of *Fawcett v. G.C. Murphy & Co.* (1976), 46 Ohio St.2d 245, 75 O.O.2d 291, 348 N.E.2d 144. However, by the 1979 amendment of R.C. 4101.17 which added division (B), a private cause of action against the employer was created.

■ It must first be determined whether defendants, state agencies, are "employers" within the meaning of R.C. 4101.17(B). Defendants rely upon the definition of "employer" in R.C. 4101.01(C), which does not include the state since its meaning is limited to " * * * person, firm, corporation, agent, * * * or other person * * *." However, R.C. 4101.01 sets forth definitions for terms used only "in sections 4101.01 to *4101.16*" inclusive. (Emphasis

added.)  Since R.C. 4101.17 is not included, the definition of "employer" contained in R.C. 4101.01 is not applicable.

In R.C. Chapter 4112, which establishes the Civil Rights Commission, both "person" and "employer" are defined more broadly, expressly to include the state and all political subdivisions.  R.C. 4112.01(A)(1) defines "person" to include " * * * the state and all political subdivisions, authorities, agencies, boards, and commissions thereof."  R.C. 4112.01(A)(2) defines "employer" to include "the state, or any political or civil subdivision thereof * * *."  The preface to that definition limits its application to R.C. 4112.01 to 4112.11 and, thus, does not include R.C. 4101.17 as one of the sections to which it applies. Nevertheless, it is more logical to apply this definition to R.C. 4101.17 than that of R.C. 4101.01(C).

R.C. Chapter 4112 sets forth unlawful discriminatory practices.  Specifically, R.C. 4112.02 makes it unlawful for any employer to discriminate because of age on any matter related to employment.  This age-discrimination prohibition is expressly made applicable to the state by R.C. 4112.01(A).  R.C. 4112.02(A) is directly analogous to R.C. 4101.17, which provides for a private cause of action also based upon the identical age discrimination.  R.C. 4101.17 prohibits age discrimination with respect to persons between the ages of forty and seventy.  However, R.C. 4112.01(A)(14) defines "age" as used in R.C. 4112.02 to mean "at least forty but less than seventy years old."  See 138 Ohio Laws, Part I, 1430, 1431.  Thus, R.C. 4101.17(B) creates a private cause of action with respect to the age discrimination prohibited by R.C. 4112.02.  It follows that the same definition of "employer" should apply to both sections which make it unlawful to discriminate on the account of age in matters relating to employment.

The definitions in R.C. 4101.01 were enacted in 1913 as G.C. 871–13 as part of the Act creating the Industrial Commission (103 Ohio Laws 95) and have not been amended since, although it was recodified as R.C. 4101.01 in 1953. On the other hand, R.C. 4101.17 was first enacted in 1961 (129 Ohio Laws 1803).  The provision for bringing a civil action (divisions [B] and [C]) was added by amendment effective January 4, 1979 (137 Ohio Laws, Part II, 3062). During all of this time, 1961 to 1979, the prohibition of R.C. 4101.17 was to "refuse opportunity of interview for employment."  Also, R.C. Chapter 4112 did not prohibit age discrimination.

The important change became effective November 13, 1979, by the enactment of Am.H.B. No. 230 (138 Ohio Laws, Part I, 2268), which amended both R.C. 4101.17 and R.C. 4112.02.  The amendment to R.C. 4112.02 included age as a prohibited discriminatory practice.  At the same time, R.C. 4101.17 was amended to prohibit age discrimination in employment rather than only with

respect to interviewing applicants. Additionally, divisions (B) and (C) of R.C. 4101.17 were amended to make specific reference to R.C. 4112.01 to 4112.11. Newly included in R.C. 4101.17(B) was the language " * * * [t]he remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code * * *."

By this same Act, R.C. 4112.02(N) was enacted which provides that:

"An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any legal or equitable relief that will effectuate his rights. A person who files a civil action under this division is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 of the Revised Code * * *."

This remedy of a civil action does apply to the state as an employer, thus evincing no legislative intent that the state not be subject to suit by a civil action for age discrimination.

Since both statutes were amended at the same time by the same Act and both were amended to prohibit age discrimination and to provide a remedy (one a civil action in court and the other an administrative remedy),[1] and in light of the express cross-reference in each to the other statute, the two statutes should be read *in pari materia*. The obvious intent of the legislature in enacting Am.H.B. No. 230 in 1979 was to prohibit age discrimination by employers including the state. Since R.C. 4101.17(B) was amended to provide that the two remedies are coexistent, it is only reasonable to conclude that both statutes were intended to apply to the same employers, including the state.

Furthermore, R.C. Chapter 4101, which contains R.C. 4101.17 establishing a private cause of action for age discrimination, does not otherwise provide for actions based upon civil rights violations. In other words, although R.C. 4101.17 is part of R.C. Chapter 4101, it is not related to that chapter, nor is it included in that chapter's definitions. Thus, the definition for "employer" as it relates to R.C. 4101.17, as amended in 1979, is that of R.C. 4112.01(A)(2), which includes the state as an employer.

■ Having determined that the state is an employer for purposes of R.C. 4101.17, we turn to the jurisdictional issue. R.C. 4101.17(B) provides that a civil action may be filed against the employer in "a court of competent

---

1. R.C. 4112.99 was amended in 1987 (142 Ohio Laws, Part I, 1761, 1778) to provide a civil action for any violation of R.C. Chapter 4112, but is presumably not applicable to this action which was filed in 1986.

jurisdiction." The state has waived its sovereign immunity and has consented to be sued in the Court of Claims. See R.C. 2743.02, which further provides such civil actions will be " * * * in accordance with the same rules of law applicable to suits between private parties * * *." As the court held *per curiam* in *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 124, 480 N.E.2d 82, 84: " 'Inasmuch as this cause of action involves a civil suit for money damages against the state, the Court of Claims has original, exclusive jurisdiction.' "

However, defendants contend that R.C. 2743.02(A) provides otherwise when it states: " * * * [t]o the extent that the state has previously consented to be sued, this chapter has no applicability." Defendants primarily rely upon a decision from this court, *Berke v. Ohio Dept. of Public Welfare* (1976), 52 Ohio App.2d 271, 6 O.O.3d 280, 369 N.E.2d 1056, which held that the Court of Claims did not have jurisdiction over claims of age discrimination against a state agency. Although correctly decided at the time, the holding of that case has limited applicability today.

The basis of the holding in *Berke* was that an alternative remedy was available to plaintiff which existed prior to the enactment of R.C. 2743.02 and, thus, the state having previously consented to be sued, the Court of Claims was without jurisdiction. This alternative remedy, contained in R.C. 124.03, provided (136 Ohio Laws, Part I, 1194, 1201) in part:

"The state personnel board of review shall exercise the following powers and perform the following duties of the department of administrative services:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification * * * [:] the board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director of administrative services, as the case may be, and its decision is final[.]"

In conclusion, we held: " * * * [t]here are other remedies available to appellant, provided by law, and the Court of Claims Act is not applicable." *Id.*, 52 Ohio App.2d at 273, 6 O.O.3d at 281, 369 N.E.2d at 1058.

However, *Berke* was decided three years prior to the 1979 amendment to R.C. 4101.17 and enactment of R.C. 4112.02(N) which establish two separate private causes of action for all employees with claims of age discrimination. Prior to 1979, there was no redress for state employees with age-discrimination claims, except state employees could appeal to the State Personnel Board of Review pursuant to R.C. 124.03 and 124.34 in the event of violation of civil service law and rules, but there was no prohibition of age discrimination. In

other words, there was no applicable law that the Court of Claims could apply in such actions of claimed age discrimination against the state. *Berke* merely recognized this limitation on the jurisdiction of the Court of Claims.

By prohibiting and establishing a private cause of action for age discrimination, the legislature created a right not previously available. R.C. 4101.17 allows an employee to file a civil action and recover damages against an employer in a court of competent jurisdiction. R.C. 124.03 did not provide state employees with such a right as under that section they could not recover damages; it was not a "civil action." Since 1979, state employees may file a civil action of age discrimination against an employer in a court of competent jurisdiction pursuant to R.C. 4101.17. As *Berke* was decided prior to the 1979 amendment of R.C. 4101.17, it is inapplicable to the case *sub judice.*

R.C. 4101.17 contains no limiting language to indicate that the legislature intended to exclude state employees from its provisions. To the contrary, it contains broad language, "in a court of competent jurisdiction," which indicates that, depending upon the defendant, different trial courts may be appropriate. Finally, if the Court of Claims did not have jurisdiction over such claims, state employees would have no forum to litigate age-discrimination claims to recover damages, as such claims are necessarily against the state which can be sued for damages only in the Court of Claims. It is unreasonable to assume that the legislature intended for such disparate treatment between state and nonstate employees in regard to age-discrimination claims.

Defendants further contend that plaintiff is collaterally estopped from litigating the age-discrimination claim as plaintiff appealed the job abolishment to the State Personnel Board of Review. Plaintiff contends that the decedent did not have an opportunity to litigate that issue fully before the State Personnel Board of Review and, therefore, collateral estoppel does not apply. Assuming collateral estoppel could apply, these are issues of fact which are not yet properly before this court as the case was dismissed at the trial level for lack of subject-matter jurisdiction. Whether collateral estoppel applies is for the trial court to decide in the first instance after further evidence from both parties has been adduced. At this time, it is premature to determine the applicability of collateral estoppel.

Therefore, the only issue before us and determined is that the Court of Claims has subject-matter jurisdiction over plaintiff's age-discrimination claims. Defendants, state agencies, are "employers" for purposes of R.C. 4101.17. Furthermore, the Court of Claims is the only court of competent jurisdiction for plaintiff to litigate her age-discrimination claims against the state. Accordingly, plaintiff's sole assignment of error is well taken.

For the foregoing reasons, plaintiff's assignment of error is sustained and the judgment of the Court of Claims is reversed and this cause is remanded for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCormac, P.J., and Strausbaugh, J., concur.