MANNING, APPELLANT, *v.* OHIO STATE LIBRARY BOARD, APPELLEE.

[Cite as *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24.]

(No. 90–1567—Submitted June 5, 1991—Decided October 2, 1991.)

*Kemp, Schaeffer & Rowe Co., L.P.A.,* and *Christopher L. Lardiere,* for appellant.

*Lee I. Fisher,* Attorney General, *David C. Calderhead, Simon B. Karas* and *Monica Stralka Forman,* for appellee.

*Louis A. Jacobs, Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* urging reversal for *amicus curiae,* National Employment Lawyers Association.

HOLMES, J. The first issue before this court is whether state courts have concurrent subject matter jurisdiction with federal courts for Title VII actions. The second issue presented is which court(s) have jurisdiction to hear such cases filed against the state of Ohio. For the reasons which follow, we find that state courts have concurrent jurisdiction with federal courts over Title VII claims and that such claims, if filed against the state of Ohio, must be filed in the Court of Claims.

Appellant's first cause of action involves an interpretation of subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, Section 701 *et seq.*, as amended, Section 2000e *et seq.*, Title 42, U.S.Code. As our outcome today overrules Ohio's longstanding interpretation of this issue, a brief history and recount of recent decisions is in order.

In those provisions of the enactment relating to enforcement, Congress afforded room for disagreement on the issue of jurisdiction over Title VII actions. In pertinent part, Section 2000e–5(f)(3), Title 42, U.S.Code provides:

"Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. * * *"

This provision does not expressly grant exclusive jurisdiction to the federal courts and, therefore, interpretation has varied among jurisdictions. Like many other jurisdictions, this court held that it was "clear from the federal Act" that subject matter jurisdiction for Title VII actions "is vested exclusively in the proper federal court." *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 237, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537.

In her first proposition of law, appellant claims, and appellee now concedes, that state courts have concurrent subject matter jurisdiction over Title VII actions. The recent United States Supreme Court decision of *Yellow Freight System, Inc. v. Donnelly* (1990), 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834, rendered three months prior to the decision of the court of appeals herein, is determinative of this issue.

In *Yellow Freight*, a female employee brought a Title VII sex discrimination action against her employer in state court. Upon removal to federal court, the employer moved to dismiss due to failure to file (in federal court) within ninety days after the EEOC issued a Notice of Right to Sue, as required by the EEOC. Reaffirming *Tafflin v. Levitt* (1990), 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887,[8] the unanimous court held:

---

8. Under our "system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under

" * * * Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive,[9] Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction. The omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent." *Yellow Freight, supra,* 494 U.S. at 823, 110 S.Ct. at 1568–1569, 108 L.Ed.2d at 839–840. Thus, state courts have concurrent jurisdiction to decide actions arising under Title VII.

Accordingly, in applying *Yellow Freight*'s presumption of concurrent jurisdiction in Title VII actions, we must overrule *Fox v. Eaton Corp., supra,* to the extent that it is inconsistent with *Yellow Freight* or this opinion.

In that we have determined that state courts have concurrent jurisdiction with federal courts over Title VII claims, the proper state court of original jurisdiction must be ascertained for purposes of disposing of this action. In appellee's second proposition of law, the appellee argues that the Court of Claims has exclusive jurisdiction. We concur with the appellee's proposition based on our interpretation of R.C. Chapter 2743 and the legislative intent behind the Court of Claims Act.

Prior to the enactment of the Court of Claims Act, it was a fundamental principle of the common law in Ohio that sovereign immunity applied whenever the state was sued without its express consent. *Raudabaugh v. State* (1917), 96 Ohio St. 513, 118 N.E. 102, writ of error dismissed *sub nom. Palmer v. Ohio* (1918), 248 U.S. 32, 39 S.Ct. 16, 63 L.Ed. 108, overruled in part on other grounds, *Schenkolewski v. Cleveland Metroparks System* (1981), 67 Ohio St.2d 31, 21 O.O.3d 19, 426 N.E.2d 784; *State, ex rel. Parrott, v. Bd. of Public Works* (1881), 36 Ohio St. 409. See, also, *State v. Franklin Bank of Columbus* (1840), 10 Ohio 91; *Palmer v. Ohio, supra.* And, the 1912 constitutional amendment to Section 16, Article I of the Ohio Constitution, permitting suits against the state "as may be provided by law," did not alter this principle. See *Schenkolewski, supra.* Consequently, where the state

---

the laws of the United States[,]" *Tafflin v. Levitt* (1990), 493 U.S. 455, 458, 110 S.Ct. 792, 795, 107 L.Ed.2d 887, 894, and "[t]o give federal courts exclusive jurisdiction over a federal cause of action, Congress must * * * affirmatively divest state courts of their presumptively concurrent jurisdiction." *Yellow Freight, supra,* 494 U.S. at 823, 110 S.Ct. at 1568, 108 L.Ed.2d at 839.

9. The Employee Retirement Income Security Act of 1974, Section 1001 *et seq.,* Title 29, U.S.Code, enacted just two years after the extensive 1972 amendments to the Civil Rights Act, illustrates this distinction in specifying that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter," but that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." Section 1132(e)(1), Title 29, U.S.Code.

had not specifically consented to be sued, an aggrieved party was (and still is) precluded from bringing suit against the state. However, as recognized herein this immunity was waived by the legislature which found its support for the change in Section 16, Article I of the Ohio Constitution, which states in part, "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law."

The Court of Claims Act, effective in 1975 (Am.Sub. H.B. No. 800, 135 Ohio Laws, Part II, 869, 883), provided both the court and the manner in which suits against the state could be brought. "By this bill [Am. H.B. No. 800, 110th General Assembly] the state waives its immunity from all suits of whatever nature. The bill creates a new court of claims in which such suits are to be heard. The court of claims * * * will have exclusive jurisdiction to hear claims against the state. * * * " Legislative Service Commission Analysis on Am.H.B. No. 800. Choosing one vehicle to serve two purposes, to waive sovereign immunity and to create the appropriate forum, implies that the legislature intended for the two to be co-dependent.

This intent of exclusivity is expressly reflected in R.C. 2743.03(A)(1), which states that the Court of Claims " * * * has *exclusive, original* jurisdiction of all civil actions against the state permitted by the waiver of immunity * * *." (Emphasis added.) Therefore, any suit filed against the state[10] in a court other than the Court of Claims would seemingly have to be dismissed for lack of subject matter jurisdiction. See *Collins v. Univ. of Cincinnati* (1981), 3 Ohio App.3d 183, 3 OBR 209, 444 N.E.2d 459.

In *Boggs v. State* (1983), 8 Ohio St.3d 15, 17, 8 OBR 84, 85, 455 N.E.2d 1286, 1288, this court held with respect to suits brought against the state for money damages:

"Inasmuch as this cause of action involves a civil suit for money damages against the state, the Court of Claims has original, exclusive jurisdiction. * * * " See, also, *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87, 18 OBR 122, 124, 480 N.E.2d 82, 84.

Further, in *Friedman v. Johnson, supra,* this court stated that the Court of Claims has exclusive, original jurisdiction in all civil suits for money damages even where ancillary relief (such as injunction or declaratory judgment) is sought in the complaint. The *Friedman* court explained that:

"A major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. *The Court of Claims was created to become the sole trial-level adjudicator of claims against the*

---

10. As that term is defined in R.C. 2743.01(A); see fn. 2, *supra.*

*state,* with the narrow exception that specific types of suits that the state subjected itself prior to 1975 could be tried elsewhere as if the defendant was a private party. To permit the court of common pleas to have jurisdiction over claims such as the one herein would contravene this purpose. * * * " (Emphasis added.) *Id.* at 87–88, 18 OBR at 124, 480 N.E.2d at 84.

In *Harris v. Ohio Dept. of Adm. Serv.* (1989), 63 Ohio App.3d 115, 577 N.E.2d 1180, the issue was whether the Court of Claims has jurisdiction to hear a civil action of age discrimination. Even though the enforcement of the Ohio age discrimination laws is provided for in the courts of common pleas, the court of appeals found that because the case involved damages against the state, original, exclusive jurisdiction was with the Court of Claims. The *Harris* court stated in part:

" * * * [I]f the Court of Claims did not have jurisdiction over such claims, state employees would have no forum to litigate age-discrimination claims to recover damages, as such claims are necessarily against the state which can be sued for damages only in the Court of Claims. * * * " *Id.* at 120, 577 N.E.2d at 1183.

In support of its proposition that courts of common pleas have jurisdiction over all Title VII claims, even those filed against the state, *amicus curiae* inappropriately relies on *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123.

In *Felder v. Casey,* plaintiff brought an action under Section 1983, Title 42, U.S.Code,[11] against the city of Milwaukee and certain police officers after allegedly being beaten by police. The United States Supreme Court struck down, as applied to a Section 1983 action, a Wisconsin "notice of claim" statute which provided that before suit may be brought against the state, the plaintiff must notify the governmental defendant of the circumstances giving rise to the claim, the amount of the claim, and the intent to hold the named defendant liable. Also under the statute, plaintiff must refrain from filing suit for one hundred twenty days after providing such notice to afford the state an opportunity to evaluate the requested relief.

"No one disputes the general and unassailable proposition * * * that States may establish the rules of procedure governing litigation in their own courts. * * * " *Id.* at 138, 108 S.Ct. at 2306, 101 L.Ed.2d at 137. However, as the *Felder* court noted, a " 'federal right cannot be defeated by the forms of local

---

11. Section 1983, Title 42, U.S.Code provides, in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * * "

practice. * * * ' " *Id.* at 138, 108 S.Ct. at 2306, 101 L.Ed.2d at 137 (quoting *Brown v. Western Ry. of Alabama* [1949], 338 U.S. 294, 296, 70 S.Ct. 105, 106, 94 L.Ed. 100, 102). Unlike the Court of Claims Act, the Wisconsin "notice of claim" statute was drafted for the primary benefit of the governmental defendant and predictably alters the outcome of the case depending upon whether the cause is brought in state or federal court. *Felder, supra,* at 141–142, 108 S.Ct. at 2308–2309, 101 L.Ed.2d at 139–140, is distinguishable from the present case in that the "notice of claim" statute therein is inconsistent with the intent of the federal civil rights laws. We reject the position advanced by *amicus* that the Court of Claims Act's applicability to Title VII actions presents an obstacle to the administration of justice. There is simply no foundation for such an assertion. Although the Court of Claims is a different forum from the common pleas court to maintain a Title VII action, there has been no showing that a litigant's rights would in any way be infringed.

Therefore, we hold that state courts have concurrent subject matter jurisdiction with federal courts over actions brought pursuant to Title VII of the Civil Rights Act of 1964. Furthermore, we hold that pursuant to R.C. 2743.03(A)(1), the Court of Claims has exclusive, original subject matter jurisdiction over Title VII actions seeking money damages against a state employer.

Accordingly, for the reasons set forth herein, the judgment of the court of appeals is reversed and the cause is remanded to the Court of Claims for proceedings not inconsistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

DOUGLAS, J., concurring in part and dissenting in part. I concur with the majority as to paragraph one of the syllabus and as to the judgment to reverse the court of appeals. I respectfully dissent as to paragraph two of the syllabus and the judgment of the majority in remanding the cause to the Court of Claims. For the following reasons, it is my belief that a Title VII claim should be brought in Ohio in the courts of general jurisdiction.

Known as the "Supremacy Clause," Clause 2, Article VI of the Constitution of the United States provides that "[t]his Constitution, *and the laws of the United States which shall be made in pursuance thereof* * * * shall be the supreme law of the land; and the *judges in every State shall be bound thereby, anything in the* Constitution or *laws of any State to the contrary*

*notwithstanding."* (Emphasis added.) By today's decision, the majority of this court ignores this mandatory and salutary well-thought-out provision of the Constitution of the United States.

Title VII of the Civil Rights Act of 1964 is a law of the United States and was passed by Congress in pursuance of its constitutional authority. The law specifically makes the states and their political subdivisions covered "employers." Sections 2000e(a) and (b), Title 42, U.S.Code. As such, Title VII becomes the supreme law of the land and the judges in this state are bound to enforce Title VII notwithstanding any law of Ohio to the contrary.

The state of Ohio has abrogated its sovereign immunity by passing the Court of Claims Act, R.C. 2743.01 *et seq.* Even had the Act not been passed, the state of Ohio as a covered employer under Title VII would still be amenable to suit for a violation of Title VII. See, generally, *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123.

Contained within the Court of Claims Act are a number of conditions not found in Title VII. R.C. 2743.02(A)(1) provides that " * * * filing a civil action in the court of claims results in a complete waiver of any cause of action * * * which the filing party has against any state officer or employee. * * * " In Title VII, there is no such limitation. Under Title VII, an officer or employee may be sued along with the employer. Thus, requiring a claimant under Title VII to file her cause of action in the Court of Claims brings a law of this state into conflict with the federal law. The Supremacy Clause does not permit this.

R.C. 2743.02(D) creates yet another condition not found in Title VII. This section brings into existence a "collateral source" rule by providing that "[r]ecoveries against the state shall be reduced by the aggregate of insurance proceeds * * * or other collateral recovery received by the claimant. * * * " Again, this conflicts with federal law and the Supremacy Clause is offended.

R.C. 2743.02(E) permits *only* the state to be named as a party defendant. Title VII contains no such limitation. Once again, this section of the Revised Code conflicts with Title VII and the Ohio law must yield. Not to do so brings a head-on clash with the Supremacy Clause.

Further, R.C. 2743.10(A) imposes yet another condition not found in Title VII. Accordingly by requiring a claimant against the state to file her Title VII claim in the Court of Claims, it is clear that such claimant has fewer rights than are accorded by Congress to any other Title VII claimant. In fact, the only Title VII claimants so restricted are those who are proceeding against the state. All other such claimants are now permitted to file in Ohio courts of general jurisdiction.

Appellant could have filed against the state in federal court. Had she done so, she would not have been encumbered with any of the restrictions the majority now places upon her. Today, we acknowledge that federal law now requires that states have concurrent subject matter jurisdiction with federal courts over Title VII actions. States may not respond to mandated concurrent jurisdiction by evading federal law and discriminating against federal causes of action. *Howlett v. Rose* (1990), 496 U.S. ——, ——, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332, 346. By today's holding, that is exactly what the majority does and, therefore, I must dissent.

SWEENEY and RESNICK, JJ., concur in the foregoing opinion.