KELLON, Appellant,

v.

CLEVELAND MARSHALL COLLEGE OF LAW et al., Appellees.

[Cite as *Kellon v. Cleveland Marshall College of Law* (1995), 102 Ohio App.3d 684.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67941.

Decided May 1, 1995.

*Anthony J. Kellon,* for appellant.

*Benjamin J. Ockner,* for appellees.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusive decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d. 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

Plaintiff-appellant Constance Kellon appeals the trial court's decision granting the Civ.R. 12(B)(1) motion to dismiss filed by the defendants-appellees Cleveland Marshall College of Law, Dean Steven R. Smith, Assistant Dean Jean B. Lifter and Associate Professor Lloyd B. Snyder. The appellant, a former student at the law school, was suspended for a semester due to an academic citation. This suspension resulted in expulsion because of the expiration of the eight-year period permitted for completion of a law degree.

In her complaint, the appellant alleges that she was admitted to law school at the age of fifty-six; that one semester remained for her to complete her degree; that she was suspended and given a nonpassing grade by the Honor Council of the school; that this resulted in expulsion; that she appealed to the full faculty and was denied; that she petitioned for an extension of the eight-year time

limitation but was denied; that at the time of the alleged violation, she was sixty-four years old and in good academic standing; that there were other options available; that mitigating factors were not considered; that due to age, it is not possible or practical for her to begin her legal education anew; and that the Honor Council and the faculty violated substantive due process rights under both the state and federal Constitutions.

The appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1), arguing that the court of common pleas lacked jurisdiction to hear this claim. The appellees contended that since the appellant has raised claims against the state of Ohio, the only proper forum pursuant to R.C. 2743.01 et seq. is the Court of Claims. The appellant failed to file a response to the motion to dismiss, and the trial court subsequently granted the motion.

The appellant asserts one assignment of error:

"The court of common pleas erred in holding that it did not have jurisdiction to decide plaintiff's claim for damages and allegations of violation of due process and equal protection under the Constitution of the state of Ohio and the Constitution of the United States of America."

The standard of review for a dismissal for want of subject matter jurisdiction, Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644; Prosen v. Dimora (1992), 79 Ohio App.3d 120, 123, 606 N.E.2d 1050, 1052. It is important to note that the appellees did not request, nor did the trial court grant, a motion for failure to state a claim upon which relief may be granted. A trial court is not empowered to sua sponte dismiss a claim under Civ.R. 12(B)(6). Prosen, supra; Mayrides v. Franklin Cty. Prosecutor's Office (1991), 71 Ohio App.3d 381, 594 N.E.2d 48.

This court must, as a matter of law, accept all the allegations of the appellant's complaint to be true, and must bear in mind that the Civil Rules require only notice pleading. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.

Although the appellee failed to request permission of this court to submit additional authority, this court is aware of Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24, 577 N.E.2d 650. Based upon Yellow Freight Sys., Inc. v. Donnelly (1991), 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834, the Ohio Supreme Court overruled its decision in Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 2 O.O.3d 408, 358 N.E.2d 536. The court acknowledged that state courts have concurrent jurisdiction with federal courts in actions brought under Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended, Section 2000e et seq., Title 42, U.S.Code, but held that where such an action is filed seeking money

damages against a state employer, the Ohio Court of Claims has exclusive jurisdiction. *Manning, supra,* is not applicable to the case *sub judice* because the holding is limited to situations where the state is an employer, and an action under Title VII has been filed.

■ Less than a year after *Manning,* the court held that R.C. 2743.02(F) was constitutional, and that a state claim against a state employee must first be filed in the Court of Claims. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862, 869. In the case *sub judice,* the appellant's complaint sets forth state constitutional claims against state employees. The trial court properly dismissed these claims.

However, the *Conley* court went on to hold that R.C. 2743.02 does not apply to claims brought under federal law, and that Ohio common pleas courts have jurisdiction to hear federal claims brought pursuant to Section 1983, Title 42, U.S.Code:

"Finally, we address an issue not expressly raised by Conley, but which is evident from the record and constitutes plain error: dismissal of his claim under Section 1983, Title 42, U.S.Code. A cause of action under Section 1983 must allege that a person, acting 'under color of law,' deprived the plaintiff of a constitutionally guaranteed federal right. *Cooperman [v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288]. The trial court dismissed Conley's Section 1983 claim on the same grounds as his other claims, *i.e.,* lack of subject matter jurisdiction pursuant to R.C. 2743.02 and R.C. 9.86. Those sections, however, do not apply to claims brought under federal law. R.C. 9.86 expressly limits its coverage to 'any civil action that arises under *the law of this state* * * *.' (Emphasis added.)

"Moreover, the United States Supreme Court has concluded that ' " '[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law,' " ' " " ' "even though the federal cause of action [was] being asserted in the state courts." ' " *Howlett v. Rose* (1990), 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332, 353, quoting *Martinez v. California* (1980), 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488, and at fn. 8. The court in *Howlett* continued, ' " '[a] construction of [Section 1983 or 1985(3) ] which permit[s] a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.' " ' *Id.* Similarly, federal courts in Ohio have concluded that R.C. 9.86 and 2743.02(F) do not apply to Section 1983 claims even when such claims are pursued in state court. *Haynes v. Marshall* (C.A.6, 1989), 887 F.2d 700; *Evans v. Celeste* (S.D.Ohio 1989), 718 F.Supp. 641; see, also, *Parks v. Wilkins* (S.D.Ohio 1988), 716 F.Supp. 1028. Further, we have previously held

that a court of common pleas has jurisdiction to hear claims brought under Section 1983 against the state and officers and employees of the state. *Schwarz v. Ohio State Univ. Bd. of Trustees* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808.

"Because it was not necessary for Conley to comply with the requirements of R.C. 2743.02 in bringing his Section 1983 claim, a federal law claim, we find that it was plain error for the trial court to dismiss his claim on those grounds. See *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 475, 575 N.E.2d 416, 420, fn. 3; *O'Connell v. Chesapeake & Ohio RR. Co.* (1991), 58 Ohio St.3d 226, 229–230, 569 N.E.2d 889, 892–893." *Conley, supra,* 64 Ohio St.3d at 292–293, 595 N.E.2d at 870.

Since this court must accept all the allegations of the appellant's complaint as true, and further must bear in mind that the Civil Rules require only notice pleading, *York, supra,* and since the appellant's complaint raises federal constitutional claims, it must be concluded that the trial court erred in dismissing the federal claims set forth in the complaint.

The appellant's assignment of error is well taken as to the federal constitutional claims, and overruled as to the state constitutional claims.

The judgment is affirmed in part and reversed in part, and the cause is remanded.

*Judgment accordingly.*

JAMES D. SWEENEY, P.J., PORTER and O'DONNELL, JJ., concur.