HONNOLD, Appellant,

v.

WAGENKNECHT et al., Appellees.

[Cite as *Honnold v. Wagenknecht* (1996), 113 Ohio App.3d 427.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE03–299.

Decided Aug. 13, 1996.

*Blaugrund, Gabel, Herbert & Mesirow* and *David S. Kessler; Schwartz, Kelm, Warren & Ramirez* and *J. Michael Ozier*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Margaret A. Telb*, Assistant Attorney General, for appellees.

LAZARUS, Judge.

Plaintiff-appellant, Robert I. Honnold, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his claim of age discrimination for lack of subject matter jurisdiction. Appellant asserts two assignments of error:

1. "The trial court erred in determining that the Court of Claims has exclusive jurisdiction over appellant's claims under R.C. section 4112.99."

2. "*Schaub v. Div. of State Highway Patrol* (Nov. 17, 1994), No. 94APE04–551, unreported [1994 WL 650003], 1994 Franklin County App.Lexis 5181, if correctly decided is inapposite to this case."

On September 27, 1995, appellant filed a complaint against defendants-appellees, the state of Ohio, General Services Administration, Office of Construction Management ("the state"), Keith Wagenknecht, and Randall Fischer, in the Franklin County Court of Common Pleas alleging age discrimination under R.C. 4112.99, intentional and negligent infliction of emotional distress, and violation of a public policy against age discrimination. Appellee Wagenknecht was appellant's supervisor, and defendant Fischer was the state architect. Service of process was not perfected upon defendant Fischer, and he is not a party to the present action.

The state and Wagenknecht filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The trial court dismissed the action for lack of subject matter jurisdiction under Civ.R. 12(B)(1), finding that the Court of Claims has original and exclusive jurisdiction over appellant's claims. This appeal followed.

The essence of appellant's argument is that because R.C. Chapter 4112 conflicts with the Court of Claims Act, R.C. Chapter 2743, he can bring an action for age discrimination under R.C. 4112.99 in the court of common pleas instead of the Court of Claims. Appellant points to R.C. 4112.08 as a kind of "supremacy clause" that permits him to proceed in the courts of general jurisdiction rather than the Court of Claims. R.C. 4112.08 states:

"This chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply. * * *"

Under the Court of Claims Act, appellant asserts that he has fewer rights against state employers than nonstate employees have against private employers. Contained within the Court of Claims Act are a number of conditions not found in R.C. Chapter 4112. For example, appellant wishes to sue Wagenknecht individually as an "employer" pursuant to R.C. 4112.01, but R.C. 2743.02(A)(1) provides that filing a civil action in the Court of Claims results in a complete waiver of any cause of action which the filing party has against any state officer or employee. Also, in the Court of Claims, recoveries against the state must be reduced by the aggregate of insurance proceeds, disability awards or other collateral recovery received by the claimant. R.C. 2743.02(D). Perhaps most significant, a claimant

in the Court of Claims is not entitled to a jury trial. R.C. 2743.11. R.C. Chapter 4112 does not contain these conditions.

This argument has already been considered by the Supreme Court of Ohio in a slightly different context. In *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, the Supreme Court addressed the question of whether the Court of Claims has exclusive, original jurisdiction over Title VII actions seeking money damages against a state employer. In *Manning,* despite the fact that only the state can be named as a party defendant in the Court of Claims, and any recovery against the state must be reduced by collateral recovery received by the claimant, the majority held that the Court of Claims had exclusive original jurisdiction over Title VII actions seeking money damages against state employers. *Id.* at paragraph two of the syllabus.

The dissenting justices made precisely the argument that appellant advances with respect to the conditions and limitations contained within the Court of Claims Act, R.C. 2743.01 *et seq.* The dissenting justices believed that portions of R.C. 2743.02 conflicted with Title VII and, therefore, the Ohio law must yield pursuant to the Supremacy Clause, Clause 2, Article VI of the Constitution of the United States. Nevertheless, this argument was rejected by the majority of the court.

In *Manning,* the Supreme Court cited with approval *Harris v. Ohio Dept. of Adm. Serv.* (1989), 63 Ohio App.3d 115, 577 N.E.2d 1180, in which this court held that the Court of Claims had original, exclusive jurisdiction over age discrimination claims brought pursuant to R.C. 4107.17. Even though appellant is bringing his age discrimination action under R.C. 4112.99, the same reasoning this court used in *Harris* applies in the instant case, particularly since the court concluded that the definition for "employer" as it relates to R.C. 4101.17 is that of R.C. 4112.01(A)(2).

Finally, this court's decision in *Schaub v. Div. of State Hwy. Patrol* (Nov. 17, 1994), No. 94APE04–551, unreported, 1994 WL 650003, dictates that the Court of Claims is the proper forum for appellant's claim of discrimination. In *Schaub,* the plaintiff brought a claim for handicap discrimination under R.C. 4112.02(A) and 4112.99 against the State Highway Patrol and the Department of Highway Safety. On appeal, this court held that the Court of Claims had original, exclusive jurisdiction over the plaintiff's claim of handicap discrimination.

For all these reasons, this court finds that the trial court correctly determined that it lacked subject matter jurisdiction over the case. Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CLOSE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.