JOURNAL ENTRY and OPINION
Plaintiff-appellants, James and Dorothy Neal, appeal from thesua sponte dismissal of their case by the trial court. The appellants filed this case on April 1, 1998. On October 20, 1998, the trial court entered an order dismissing the case with prejudice "for failure to commence the action within the statute of limitations."
The facts pertaining to this matter are generally not in dispute. The original cause of action maintained by the appellants against the defendants-appellees, Anthony J. Moniglia, M.D. and University Otolaryngology — Head and Neck Surgery Inc., maintained that the appellees were negligent in the treatment of appellant James Neal's sleep apnea condition.[1] The appellants describe the procedural history of the case in the instant complaint as follows:
 On or about September 22, 1992, James Neal, through counsel, advised the aforesaid defendants in writing that he was presently considering bringing a medical claim against them pursuant to R.C. 2305.11(A). This action was originally filed within 180 days of the date and was thereafter dismissed, without prejudice, on or about February 28, 1994. The case was thereafter refiled within one (1) year of the date of the aforesaid voluntary dismissal (without prejudice) pursuant to the Ohio savings statute, R.C. 2305.19 (Case No. 285464). The case was thereafter dismissed on April 2, 1997, with Defendants' waiving the so-called "two dismissal rule" in Ohio R. Civ. Proc. 41(A)(1) and is now being filed within one year of that date. (Emphasis added.)
The appellees in their briefs deny the existence of any agreement to attempt to waive the "so-called two dismissal rule," nor is there any evidence of any such agreement in the record. This court is duty bound to evaluate and review this case based solely and only on the record before it.[2]
The trial court was readily able to ascertain from the face of the complaint that the case had already been dismissed on two prior occasions and, therefore, dismissed the case sua sponte for failure to comply with the statute of limitations. The appellants filed the within appeal from the dismissal by the trial court on November 19, 1998. The appellants' two assignments of error have a common basis of law and fact and will thus be addressed concurrently in this opinion. The assignments of error state:
 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GIVING PLAINTIFFS PRIOR NOTICE OF ITS INTENTION, SUA SPONTE, TO DISMISS THEIR COMPLAINT ON STATUTE OF LIMITATIONS GROUNDS.
 2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT ON STATUTE OF LIMITATIONS GROUNDS WHERE THE WELL-PLEADED (SIC) ALLEGATIONS IN THE COMPLAINT SHOWED IT HAD BEEN TIMELY FILED.
R.C. 2305.19 states:
 In an action commenced, or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.
Ohio Civ.R. 41(A)(1) provides in pertinent part:
 Subject to the provisions of Rule 23 (E) and Rule 66, an action may be dismissed by the plaintiff without order of the court (a) by filing a notice of dismissal any time before the commencement of trial * * * or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim. (Emphasis added).
At issue is the availability of the savings statute, R.C.2305.19, to the appellants' third attempt to bring suit against the appellees following the appellants' second dismissal of their case without prejudice pursuant to Civ.R. 41(A)(1). Appellants contend that the Ohio's savings statute can be used more than once where the parties agree to waive the "so called two dismissal rule." Initially, we again note that there is no evidence before us of any such agreement. More importantly, even if such an agreement existed, the parties were without authority to waive the prohibition against repeated use of the savings statute. Parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court where subject matter jurisdiction is otherwise lacking. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds in Manning v.Ohio St. Library Bd. (1991), 62 Ohio St.3d 24; Putnam v. Hogan
(1997), 122 Ohio App.3d 351, 355.
The Supreme Court of Ohio has stated that "the savings statute can be used only once to refile a case." Thomas v. Freeman
(1997), 79 Ohio St.3d 221, 227, citing Hancock v. Kroger Co.
(1995), 103 Ohio App.3d 266, 659 N.E.2d 336; Iglodi v. Montz
(Aug. 4, 1995), Cuyahoga App. No. 68621, unreported. In Seawrightv. Zabell (Apr. 27, 1989), Cuyahoga App. No. 55232, this court reasoned:
 On the dismissal of the second suit * * * the plaintiff was outside of the statute of limitations. The Savings Statute was no longer available to extend the filing time of yet another suit. The statute may not be relied upon to indefinitely keep a cause of action alive. Thus, the plaintiff's third suit, now before us on appeal, was not brought in "due time" pursuant to R.C. 2305.19.
In Estate of Carlson v. Tippett, (Sept. 2, 1997), Lake App. No. 96-L-179, unreported, the court reasoned as follows:
 [The] second complaint was brought after the statute of limitations had expired by employing the savings statute. Upon dismissal of that second complaint, the [plaintiffs] are not granted another year under the savings statute because the action sought to be refiled, the second complaint, was not commenced within the time allowed by the statute of limitations. Therefore, refiling of the second complaint as the third complaint does not qualify under R.C. 2305.19, citing Nagy v. Patterson (Nov. 9, 1994), Lorain App. No. 94CA005837, unreported.
In the case sub judice, appellants' third complaint was filed more than one year from the time that the case was first voluntarily dismissed. Therefore, the savings statute does not apply and the appellants' claim was clearly time-barred on the date that the complaint, in the instant case, was filed. To permit the appellant to use the savings statute a second time to extend the filing deadline for yet another year, would frustrate the purpose of the civil rules which are intended to prevent abuse of the court system through continuous refilings.
Because the trial court was without jurisdiction to entertain the appellants' claims as they were not timely commenced, the trial court properly dismissed the case on its own motion. Civ.R. 12 (H) (3) states that "whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.) The trial court correctly recognized from the face of the appellants' complaint that the court lacked subject matter jurisdiction in the instant case and was, thus, acting within its authority when it dismissed the complaint. Additionally, the Ohio Supreme Court has held that a trial court has inherent authority to dismiss an action upon its own motion, at any stage of the proceeding, when it appears that the court has no jurisdiction over the subject matter. Fox v. Eaton Corp., supra,48 Ohio St.2d at 238; Doolin v. Doolin (1997), 123 Ohio App.3d 296, 300. The appellants have certainly not brought to this court's attention anything in the record which would cause this reviewing court to disturb the decision of the trial judge.
For the foregoing reasons, the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ MICHAEL J. CORRIGAN JUDGE
DYKE, A.J., CONCURS WITH SEPARATE CONCURRING OPINION. KILBANE, J., DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] The complaint alleged that as a result of the negligence of the appellees in surgically repairing appellant James Neal's condition, he has endured continued pain and suffering, including dizziness, build-up of sinus discharge, loss of smell and taste and a "gross odor emanating from the discharge that builds up in his nasal cavity."
[2] The majority has confined itself in deciding this matter based solely and only on the matters contained in the record. To go beyond the record provided would be inappropriate.