JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision by the common pleas court granting a directed verdict at the close of plaintiffs' case in favor of defendant-appellee Sun Newspapers on plaintiffs-appellants' claims for age discrimination, discharge in violation of public policy, and loss of consortium. Plaintiffs-appellants, Attila and Santa Maria Bethlenfalvy, present three assignments of error for our review:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING A DIRECTED VERDICT TO THE APPELLEE-EMPLOYER AT THE CONCLUSION OF THE APPELLANT-EMPLOYEE'S CASE BECAUSE APPELLANTS HAD ESTABLISHED A PRIMA FACIE CASE OF AGE DISCRIMINATION AND THE PRESUMPTION OF AGE DISCRIMINATION HAD NOT BEEN REBUTTED BY THE APPELLEE-EMPLOYER'S ARTICULATION OF A NON-DISCRIMINATORY LEGITIMATE REASON FOR HIS TERMINATION.
 II. THE COURT BELOW COMMITTED REVERSIBLE ERROR BY GRANTING THE APPELLEE-EMPLOYER'S MOTION FOR DIRECTED VERDICT, BECAUSE EVEN IF IT WAS ASSUMED THAT THE APPELLEE-EMPLOYER HAD ARTICULATED PERFORMANCE DEFICIENCIES AS THE REASON FOR APPELLANT-EMPLOYEE'S DISCHARGE, THE REASONABLE TRIER OF FACT COULD HAVE CONCLUDED, AND SHOULD HAVE BEEN GIVEN THE OPPORTUNITY TO CONCLUDE, THAT THIS REASON WAS MERELY PRETEXT FOR AGE DISCRIMINATION.
 III. THE TRIAL COURT'S EXCLUSION OF THE APPELLEE-EMPLOYER'S HANDBOOK, WHICH OUTLINED ITS PROTOCOL FOR DISCHARGING EMPLOYEES BECAUSE OF PERFORMANCE DEFICIENCIES, WAS REVERSIBLE ERROR WHERE APPELLANT PROFFERED EVIDENCE THAT THE PROTOCOL APPLIED TO HIM BUT WAS NOT FOLLOWED.
We find the trial court lacked jurisdiction to proceed to trial in this case. The court granted summary judgment to the defendants on each of plaintiffs-appellants' claims. Having entered a final judgment, the court had no jurisdiction to reconsider its decision as it did. All proceedings after the entry of summary judgment were a nullity. Accordingly, we must dismiss this appeal, vacate the trial court's judgment following trial, and reinstate the final judgment granting summary judgment.
 PROCEDURAL HISTORY
The complaint in this case was filed on July 7, 1997, and asserted three claims: (1) age discrimination; (2) discharge in violation of public policy; and (3) loss of consortium. On April 14, 1998, defendant-appellee moved for summary judgment on each of these claims. Plaintiffs opposed this motion. The court granted defendant's motion in a final order entered September 30, 1998, which stated:
 Defendant's Motion for Summary Judgment is hereby granted. Plaintiffs, Attila Bethlenfalvy Santa Maria Bethlenfalvy's claims against Defendant are hereby dismissed, with prejudice. The Court hereby finds that reasonable minds can come to but one conclusion, and that Plaintiffs have failed to prove that his [sic] age was a determining factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff has also failed to prove a violation of public policy via his termination. Additionally, Plaintiff Santa Maria Bethlenfalvy's claim for loss of consortium is also dismissed, with prejudice, as it is derivative of Plaintiff Attila Bethlenfalvy's claims.
Plaintiffs filed a "motion for relief from judgment" on October 13, 1998. Defendant responded, asserting that plaintiffs had failed to demonstrate that they were entitled to relief from judgment under Civ.R. 60(B). The court entered the following ruling on plaintiffs' motion on October 29, 1998:
 Motion for Relief from Judgment is hereby treated as a Motion for Reconsideration of this Court's grant of Defendant's Motion for Summary Judgment, and is hereby granted. Upon reconsideration, the Court hereby finds that genuine issues of material fact exist as to whether Plaintiff Attila Bethlenfalvy's age was a determining factor in his termination. Case is hereby reinstated onto the Court's active docket. A pretrial is hereby set on November 18, 1998 at 10:00 a.m., at which time a new trial date will be set.
The case proceeded to trial in February 1999. At the close of the plaintiffs' case, defendant moved for a directed verdict, which the trial court granted on February 24, 1999.
 LAW AND ANALYSIS
This court may consider its subject matter jurisdiction suasponte. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 238. Subject matter jurisdiction cannot be waived, nor can the parties confer subject matter jurisdiction on a court by stipulation or agreement. Id.; Springfield Local School Dist. Bd. of Edn. v.Lucas Cty. Budget Comm. (1994), 71 Ohio St.3d 120, 121. Therefore, even if the issue is not raised by the parties, it may be raised by the court at any stage of the proceedings, even on appeal.
The trial court's order granting summary judgment to the defendant disposed of all claims as to all parties and was therefore a final order, subject to appeal. See Civ.R. 54(B). Though appellants filed a document styled as a motion for relief from judgment, it met none of the requirements of Civ.R. 60(B),[1]
and the court chose to treat it as a motion for reconsideration. A motion for reconsideration of a final judgment in the trial court is a nullity, as is any order granting such a motion and the orders following such reconsideration. Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, 379; also see State ex rel. Pendell v.Bd. of Elections (1988), 40 Ohio St.3d 58, 60.
The common pleas court judgment of February 24, 1999 is null and must be vacated; the entry filed September 30, 1998 is reinstated. See VFW Post 1238 v. Ohio Liquor Control Comm. (1997),78 Ohio St.3d 1482. No appeal was filed from the court's final order of September 30, 1998. Therefore, this court lacks jurisdiction and must dismiss this appeal.
This appeal is dismissed. The trial court's judgment of February 24, 1999 is vacated, and the judgment filed September 30, 1998 is reinstated.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and JOHN T. PATTON, J. CONCUR.
 _______________________ JUDGE, KENNETH A. ROCCO
[1] The motion for relief from judgment restates the reasons cited in appellants' brief in opposition to summary judgment and argues that the defendant "has not established that all reasonable minds would conclude that [appellant's] age was not a reason in [his dismissal] and thus, [appellee's] motion for summary judgment should have been denied." This argument is patently insufficient to meet the requirements of Civ.R. 60(B).