DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jeffrey E. Moore, appeals the judgment of the Huron County Court of Common Pleas, which denied his motion to withdraw his guilty plea. Appellant was indicted for trafficking in drugs, a violation of R.C. 2925.03(A)(2) and a felony of the first degree. After his motion to suppress was denied, he entered a plea of no contest to one count of possession of an amount of crack cocaine greater than 25 grams but less than 100 grams, a violation of R.C. 2925.11(A)(C)(4)(e) and a felony of the first degree. *Page 2 
The trial court imposed a term of eight years incarceration, suspended appellant's driver's license for five years, and imposed a fine of $10,000. On appeal, we affirmed appellant's conviction and sentence.State v. Moore, 6th Dist. No. H-02-001, 2002-Ohio-4476.
 {¶ 2} On September 24, 2007, appellant filed a motion to withdraw his guilty plea, arguing that the trial court failed to advise him that it was not bound by the state's sentencing recommendation of five years incarceration. The trial court denied the motion, finding no indication that the state recommended any particular sentence. It further found that the range of possible sentences was fully explained to appellant before he entered his plea.
 {¶ 3} From that judgment, appellant appealed, setting forth one assignment of error for review:
 {¶ 4} "The trial court abused it's [sic] discretion in denying appellant's motion to withdraw his formerly entered guilty pleas."
 {¶ 5} We sua sponte placed this appeal on the accelerated calendar pursuant to App. R. 11.1. "The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusive decision."Kellon v. Cleveland Marshall College of Law (1995), 102 Ohio App.3d 684,685. The state did not file an appellate brief.
 {¶ 6} "A motion to withdraw a guilty plea is governed by Crim. R. 32.1 which provides: `A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' *Page 3 
What constitutes `manifest injustice' has been `variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' State v. Smith (1977), 49 Ohio St.2d 261, 264. Whether the movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court. Id. at paragraph two of the syllabus. Therefore, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v. Nathan (1995),99 Ohio App.3d 722, 725. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219." State v. Rittner, 6th Dist. No. F-05-003, 2005-Ohio-6526, ¶ 28.
 {¶ 7} Upon review of appellant's brief and the record of appellant's plea hearing, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea. Appellant signed a plea form which stated in pertinent part, "No promises have been made except as part of this plea agreement stated entirely as follows: The Defendant will plead No Contest to Count I charging Possession of Drugs contrary to Ohio Revised Code Section 2925.11(A)(C)(4)(e), a felony of the first degree." He was informed that the range of penalties for the offense was up to ten years incarceration both in the form and orally at his plea hearing. Contrary to appellant's assertions, the state did not agree as part of his plea to recommend a sentence of five years incarceration. *Page 4 
 {¶ 8} As appellant's arguments are identical to those found not well-taken in State v. Jones, 6th Dist. No. WD-06-082, 2007-Ohio-4090, his assignment of error is likewise found not-well taken.
 {¶ 9} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1