**CARRUTHERS, Appellant,**

v.

**O'CONNOR, Pros. Atty., et al., Appellees.**

[Cite as *Carruthers v. O'Connor* (1997), 121 Ohio App.3d 39.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1717.

Decided June 19, 1997.

*S. David Worhatch,* for appellant.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *James W. Armstrong,* Assistant Prosecuting Attorney, for appellees.

TYACK, Presiding Judge.

On March 22, 1995, Mary Alice Carruthers, then employed with the Summit County Child Support Enforcement Agency ("CSEA") in a position classified as Clerical Supervisor, was furnished with a letter from the new Prosecuting Attorney for Summit County, Maureen O'Connor, notifying Carruthers that as of 4:45 p.m. that day, she was terminated. The prosecuting attorney served as the appointing authority for CSEA. Carruthers was terminated pursuant to a claim that she was in the unclassified service.

Carruthers appealed her termination to the State Personnel Board of Review ("board"). A hearing was held before an administrative law judge ("ALJ") for the purpose of determining whether she was truly in the unclassified service. The appointing authority contended that Carruthers was unclassified pursuant to R.C. 124.11(A)(9) on a theory that she was in a fiduciary and administrative relationship with the Summit County Prosecutor. Evidence was submitted regarding Carruther's duties and responsibilities. The ALJ concluded that

Carruthers did not have a fiduciary or administrative relationship with the appointing authority. Therefore, the ALJ found that Carruthers was in the classified service and recommended that her separation be disaffirmed. On November 30, 1995, the board adopted the ALJ's report and recommendation, disaffirmed Carruther's removal, and reinstated her to her position with back pay and benefits.

On December 7, 1995, Carruthers filed a motion for attorney fees and costs under R.C. 119.092. On February 7, 1996, the board issued an order, finding that it lacked jurisdiction over Carruthers's motion for attorney fees pursuant to R.C. 119.092(F).

Carruthers appealed from the order to the Franklin County Court of Common Pleas. On November 25, 1996, the trial court rendered a decision and judgment entry, affirming the board's February 7, 1996 order. The trial court concluded that Carruthers's appeal before the board was pursuant to R.C. 124.03 and that R.C. 119.092(F)(4) precluded awards for attorney fees in adjudications conducted pursuant to R.C. 124.03.

Carruthers ("appellant") has appealed to this court, assigning three errors for our consideration:

"First Assignment of Error

"The trial court erred in affirming the February 7, 1996 decision of the State Personnel Board of Review.

"Second Assignment of Error

"The trial court erred in mischaracterizing appellant's proceedings before the State Personnel Board of Review as an appeal taken pursuant to O.R.C. § 124.03 when the appeal actually was taken under authority granted by the General Assembly under O.R.C. § 124.34.

"Third Assignment of Error

"The trial court erred by impermissibly expanding the class of cases eligible for awards of attorney's fees and disqualifying cases such as appellant's in such manner as to frustrate the clear intent of the General Assembly in limiting the availability of such awards to a finite class of successful claimants as defined by operation of O.R.C. § 119.092(F)(4)."

The assignments of error are interrelated and, therefore, will be addressed together.

As a threshold issue, we will briefly address the issue of whether this court has subject-matter jurisdiction. While this issue was not addressed by the parties in their briefs, this court may raise the issue *sua sponte*. See *Fox v.*

*Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537, overruled on other grounds in *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 577 N.E.2d 650, paragraph one of the syllabus.

As indicated above, appellant attempted to obtain an award for attorney fees pursuant to R.C. 119.092. R.C. 119.092 states:

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section, if an agency conducts an adjudication hearing under this chapter, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the hearing. A prevailing eligible party that desires an award of compensation for fees shall file a motion requesting the award with the agency within thirty days after the date that the order of the agency is entered in its journal. * * *

" * * * *

"(F) The provisions of this section do not apply when any of the following circumstances are involved:

" * * * *

"(4) An adjudication hearing was conducted by the state personnel board of review pursuant to authority conferred by section 124.03 of the Revised Code * * *."

In its February 7, 1996 order, the board concluded that it lacked jurisdiction to entertain a motion for attorney fees. Although the order does not set forth detailed reasons behind the board's conclusion, the record contains correspondence between appellant's attorney and board staff regarding the board's position. The board concluded that it lacked jurisdiction because R.C. 119.092(F)(4) precludes attorney fees in adjudications conducted pursuant R.C. 124.03, and appellant's appeal on the merits was pursuant to authority conferred by R.C. 124.03.

R.C. 119.092(C) authorizes a prevailing eligible party that is denied an award of attorney fees or receives a reduced reward to appeal to the court to which such party could have appealed the adjudication order. That court may modify the attorney fees determination only if it finds an abuse of discretion. R.C. 119.092(C) goes on to say, in reference to such court's decision, that "[t]he judgment of the court is final and not appealable." We hold that the above-quoted provision in R.C. 119.092(C) does not preclude an appeal to this court on issues of law.

The provisions in R.C. 119.092 regarding the appeal of a determination on attorney fees contemplate a determination of abuse of discretion. Here, the

board never exercised discretion because it found that it lacked jurisdiction as a matter of law.

Because the appeal here is based solely on a question of law—whether the board had jurisdiction to entertain appellant's motion for attorney fees—the provision in R.C. 119.092(C) that precludes appeal from the trial court does not apply, and this court has appellate jurisdiction. We now address the merits of appellant's appeal.

■ As noted above, R.C. 119.092(F)(4) does not apply to adjudication hearings "conducted by the state personnel board of review pursuant to authority conferred by section 124.03 of the Revised Code." However, R.C. 124.03 is the enabling statute which sets forth the powers and duties of the state personnel board of review. All hearings before that board are conducted in accord with R.C. 124.03 or the hearings are conducted outside the lawful authority of the board. The hearing involving appellant was a lawful hearing to determine whether she was in the classified or unclassified service. Because it was a lawful hearing, it was a hearing for which no award of attorney fees could be made under the provisions of R.C. 119.092. The board and the trial court were correct to refuse an award of attorney fees.

The three assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER and CLOSE, JJ., concur.