[Cite as *Orth v. State of Ohio, Dept. of Edn*, 2015-Ohio-3977.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sherry L. Orth, | : | |
| Appellant-Appellant, | : | |
| | | No. 14AP-937 |
| v. | : | (C.P.C. No. 13CVF-008724) |
| State of Ohio, Department of Education, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on September 29, 2015

*Farlow & Associates, LLC, Beverly J. Farlow* and *Chelsea L. Berger*, for appellant.

*Michael DeWine*, Attorney General, and *Reid T. Caryer*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Sherry L. Orth ("appellant"), appeals the October 24, 2014 judgment of the Franklin County Court of Common Pleas, which affirmed the July 9, 2013 resolution of the Ohio State Board of Education ("Board"), a division of appellee, Ohio Department of Education ("ODE"). For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This case arises from disciplinary proceedings relating to appellant's teaching license. We have reviewed this matter in two prior decisions. *See Orth v. Ohio Dept. of Edn.*, 10th Dist. No. 12AP-155, 2012-Ohio-4512 ("*Orth I*"); *Orth v. Ohio Dept. of*

*Edn.*, 10th Dist. No. 14AP-19, 2014-Ohio-5353 ("*Orth II*"). Although we have thoroughly discussed the factual and procedural history of this matter in our prior decisions, the following facts are relevant to the disposition of the present appeal.

{¶ 3} On September 22, 2010, ODE charged appellant with violating R.C. 3319.31(B)(1) due to her conduct in an incident on October 22, 2009, during which a child under appellant's care suffered injuries. Appellant exercised her right, pursuant to R.C. Chapter 119, for a hearing, which was held on January 11, 2011. On March 1, 2011, the hearing officer issued a report and recommendation concluding that appellant engaged in conduct unbecoming to the teaching profession in violation of R.C. 3319.31(B)(1) and recommending that the Board permanently revoke appellant's teaching license.

{¶ 4} On March 15, 2011, appellant filed with the Board objections to the report and recommendation of the hearing officer. On April 11, 2011, the Board adopted a resolution, which it mailed to appellant on April 29, 2011, accepting the report and recommendation of the hearing officer to permanently revoke appellant's teaching license.

{¶ 5} Pursuant to R.C. 119.12, appellant timely appealed the resolution of the Board to the Franklin County Court of Common Pleas. On February 15, 2012, the trial court filed a decision affirming the April 11, 2011 resolution of the Board. Upon appeal, this court, on September 28, 2012, reversed the decision of the trial court and remanded the case to the Board for further proceedings. *Orth I* at ¶ 28.

{¶ 6} Upon remand, the Board, on November 13, 2012, approved a resolution that vacated its April 11, 2011 order, which permanently revoked appellant's teaching license, and remanded the matter to a hearing officer for further proceedings. On February 6, 2013, the hearing officer filed a report and recommendation, which was mailed to appellant on February 11, 2013, recommending that the Board either permanently revoke appellant's teaching license or revoke her license but permit reapplication with the limitation that appellant no longer be permitted to teach special education students. On February 20, 2013, appellant filed with the Board objections to the report and recommendation of the hearing officer.

{¶ 7} On March 12, 2013, the Board adopted a resolution, which it entered in its journal on March 14, 2013 and mailed to appellant on March 26, 2013, suspending

appellant's teaching license from November 6, 2009 through March 12, 2013.[1] On April 3, 2013, appellant filed with this court a motion for attorney fees pursuant to R.C. 2335.39 and Chapter 119. On April 12, 2013, ODE filed both a memorandum in opposition to appellant's motion for attorney fees and a motion to dismiss appellant's motion for attorney fees. After being fully briefed by the parties, this court, on April 24, 2013, denied appellant's motion for attorney fees, stating that "[t]he motion should have been filed with [ODE] in the first instance, not this court of appeals." (Apr. 24, 2013 Entry in *Orth I*.) On April 25, 2013, this court denied as moot ODE's April 12, 2013 motion to dismiss appellant's motion for attorney fees.

{¶ 8} On April 29, 2013, appellant filed with the Board a motion for attorney fees pursuant to R.C. 119.092. On May 8, 2013, ODE filed both a motion to dismiss appellant's April 29, 2013 motion for attorney fees and a memorandum in opposition to appellant's motion. The hearing officer issued a report and recommendation, which was issued on June 3, 2013 and file stamped on June 4, 2013, recommending that the Board deny appellant's motion for attorney fees because her motion was not filed within 30 days of the date that the Board's order was entered on its journal and because the Board was substantially justified in initiating the matter in controversy.

{¶ 9} On June 13, 2013, appellant filed with the Board objections to the report and recommendation of the hearing officer. On July 9, 2013, the Board adopted a resolution, which it mailed to appellant on July 24, 2013, accepting the report and recommendation of the hearing officer to deny appellant's motion for attorney fees.  On August 8, 2013, appellant appealed the resolution of the Board to the Franklin County Court of Common Pleas. On October 24, 2014, the trial court filed a decision and entry affirming the July 9, 2013 resolution of the Board.

## II. Assignments of Error

{¶ 10} Appellant appeals assigning the following two errors for our review:

---

[1] Although irrelevant for purposes of the present appeal, we note that, on April 10, 2013, appellant appealed the March 12, 2013 resolution of the Board. On December 19, 2013, the Franklin County Court of Common Pleas affirmed the March 12, 2013 resolution of the Board. Upon appeal, this court, on December 4, 2014, affirmed the decision of the trial court. *Orth II* at ¶ 28.

> I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT'S MOTION FOR FEES WAS UNTIMELY.
>
> II. AS APPELLANT'S MOTION FOR FEES WAS TIMELY, THE TRIAL COURT ERRED IN CONCLUDING THAT THE BOARD'S RESOLUTION DID NOT INVOLVE ABUSE OF DISCRETION.

### A. First Assignment of Error

{¶ 11} In her first assignment of error, appellant asserts that the trial court incorrectly found that her motion for attorney fees was untimely. ODE responds that the trial court's decision is final and not appealable because appellant is not granted a right to appeal pursuant to R.C. 119.092(C). We, therefore, begin by considering whether appellant is permitted to appeal from the trial court's October 24, 2014 decision and entry.

{¶ 12} With regard to attorney fees, Ohio follows the "American rule," which provides that each party pays his or her own attorney fees under most circumstances. *Ohio Fresh Eggs, L.L.C. v. Boggs*, 183 Ohio App.3d 511, 2009-Ohio-3551, ¶ 11 (10th Dist.). There are, however, exceptions to this rule, including "contractual provisions between parties that shift the costs of defending; circumstances where there has been a finding of bad faith; and statutory provisions which specifically provide that a prevailing party may recover attorney fees." *Id.*, citing *McConnell v. Hunt Sports Ent.*, 132 Ohio App.3d 657, 699 (10th Dist.1999). Appellant made her motion for attorney fees under a statutory provision; namely, R.C. 119.092.

{¶ 13} R.C. 119.092 governs attorney fees under R.C. Chapter 119 and defines corresponding appellate rights. *See Ohio Fresh Eggs* at ¶ 11. R.C. 119.092(B) provides, in pertinent part, as follows:

> (1) Except as provided in divisions (B)(2) and (F) of this section, if an agency conducts an adjudication hearing under this chapter, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the hearing. A prevailing eligible party that desires an award of compensation for fees shall file a motion requesting

the award with the agency within thirty days after the date that the order of the agency is entered in its journal.

* * *

(3) For purposes of this section, decisions by referees or examiners upon motions are final and are not subject to review and approval by an agency. These decisions constitute final determinations of the agency for purposes of appeals under division (C) of this section.

{¶ 14} R.C. 119.092(C) states:

A prevailing eligible party that files a motion for an award of compensation for fees under this section and that is denied an award or receives a reduced award may appeal the determination of the referee, examiner, or agency to the same court, as determined under section 119.12 of the Revised Code, as the party could have appealed the adjudication order of the agency had the party been adversely affected by it. An agency may appeal the grant of an award to this same court if a referee or examiner made the final determination pursuant to division (B)(3) of this section. Notices of appeal shall be filed in the manner and within the period specified in section 119.12 of the Revised Code.

Upon the filing of an appeal under this division, the agency shall prepare and certify to the court involved a complete record of the case, and the court shall conduct a hearing on the appeal. The agency and the court shall do so in accordance with the procedures established in section 119.12 of the Revised Code for appeals pursuant to that section, unless otherwise provided in this division.

The court hearing an appeal under this division may modify the determination of the referee, examiner, or agency with respect to the motion for compensation for fees only if the court finds that the failure to grant an award, or the calculations of the amount of an award, involved an abuse of discretion. The judgment of the court is final and not appealable, and a copy of it shall be certified to the agency involved and the prevailing eligible party.

{¶ 15} In support of its position that this court lacks jurisdiction to consider appellant's appeal, ODE points to R.C. 119.092(C), which provides that the judgment of

the court hearing the appeal is "final and not appealable." ODE acknowledges that this court in *Carruthers v. O'Connor*, 121 Ohio App.3d 39 (10th Dist.1997), found that "R.C. 119.092(C) does not preclude an appeal to this court on issues of law." *Id.* at 42. In *Carruthers*, we addressed an appeal that was "based solely on a question of law," namely "whether the board had jurisdiction to entertain appellant's motion for attorney fees." *Id.* at 43. Because the appeal involved a pure, legal question, we found that we possessed appellate jurisdiction.

{¶ 16} Here, at least to the extent of appellant's first assignment of error, the facts are not in dispute. Accordingly, pursuant to *Carruthers*, this court possesses jurisdiction to determine whether the trial court erred as a matter of law in determining that appellant's motion for attorney fees was untimely. *See generally DeAscentis v. Margello*, 10th Dist. No. 08AP-522, 2008-Ohio-6821, ¶ 32, citing *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, ¶ 21 (noting that, in the absence of a factual dispute, the application of a statute of limitations is a pure question of law).

{¶ 17} Having determined that we possess jurisdiction to consider appellant's appeal, we next examine whether the trial court erred by finding that appellant's motion was untimely. The record reflects that the Board's March 12, 2013 resolution was certified and entered in its journal on March 14, 2013, and mailed to appellant on March 24, 2013. Appellant did not file her motion with the Board until April 29, 2013, approximately two weeks after the 30-day period provided by R.C. 119.092(B)(1).

{¶ 18} Nevertheless, appellant contends that her April 29, 2013 filing with the Board was timely because she filed with this court on April 3, 2013 a motion for attorney fees, pursuant to R.C. 2335.39 and 119.092, and ODE received a copy of such motion. Appellant argues that "R.C. 2335.39 specifically encompasses a[n] R.C. 119.092 motion, eliminating the need to also file with the agency, and permitting the filing with the court." (Appellant's Brief, 19.) In support of her contention, appellant points to similarities between R.C. 2335.39 and 119.092, including the description of a party eligible to seek compensation, the motion pleading requirements, and the standard of review employed by the reviewing agency or court.

{¶ 19} Notwithstanding the similarities between the statutes noted by appellant, the plain and unambiguous language of R.C. 119.092 does not provide an exemption from

its filing requirement before an agency because a party filed a similar motion under R.C. 2335.39 with a court. Further, although the statutes are similar, R.C. 2335.39 consistently refers exclusively to the recovery of fees before a court, including the provision relating to filing deadlines which states that the "prevailing eligible party that desires an award of compensation for fees shall file a motion requesting the award *with the court* within thirty days after *the court enters final judgment* in the action or appeal." (Emphasis added.) R.C. 2335.39(B)(1). On the other hand, R.C. 119.092(B)(1) refers exclusively to motions made before an agency.

{¶ 20} Where, as here, the "language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for [a] court to apply rules of statutory interpretation." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, ¶ 12, citing *State v. Muncie*, 91 Ohio St.3d 440 (2001). *See also State v. Vancleef*, 10th Dist. No. 13AP-703, 2014-Ohio-2144, ¶ 6; *Ohio Fresh Eggs* at ¶ 25, citing *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, ¶ 14 ("In interpreting a statute, courts can neither ignore the plain language of the statute, nor insert words or phrases into the statute that have not been placed there by the General Assembly."). Thus, we need not interpret R.C. 119.092 to provide that a motion for attorney fees made under R.C. 2335.39 before a court satisfies the filing requirements in R.C. 119.092(B)(1) before an agency. *See Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. of Cincinnati*, 152 Ohio App.3d 466, 2003-Ohio-1837, ¶ 47 (10th Dist.) ("Where the statute sets forth specific requirements for a party to invoke a court's discretion to award attorney fees under the statute and plaintiffs did not meet those requirements by filing a proper motion in accordance with the statute, plaintiffs may not merely bootstrap a belated nonconforming request for attorney fees under R.C. 2335.39 onto their request filed in the Court of Claims under R.C. 2721.09."); *Ohio Fresh Eggs* at ¶ 23 ("Although administrative agencies may exercise quasijudicial powers and may have some of the attributes of a court, they are not courts.").

{¶ 21} Additionally, appellant's contention that the April 3, 2013 filing with this court put ODE "on notice of the request for fees" is irrelevant. Merely because ODE was aware of appellant's desire to seek attorney fees from this court does not in any way invalidate appellant's duties for filing with the agency under R.C. 119.092. As the trial court correctly found, R.C. 119.092 "does not allow a motion to be filed with a court and

served on the agency. The statute does not provide for mere notice to the agency. Instead, the statute requires that the motion be filed with the agency." (Decision, 9.) In conclusion, we cannot agree that appellant's April 3, 2013 filing with this court tolled or otherwise removed the requirements of R.C. 119.092(B)(1) to file a motion requesting an award of fees with the agency within 30 days after the date that the order of the agency is entered in its journal.

{¶ 22} Finally, appellant contends that permitting an agency to use the date of journalization instead of the date the entry was mailed would "permit an agency to delay notifying the affected party until after their 30 days are up, thereby removing their ability to file a motion for fees pursuant to their statutory rights." (Appellant's Brief, 20.) However, R.C. 119.092(B) clearly states that "the date that the order of the agency is entered in its journal" is controlling with respect to the filing of a motion for attorney fees under the statute. Nevertheless, the record reflects, and appellant does not dispute, that the Board's March 12, 2013 resolution was mailed on March 26, 2013, 12 days following the March 14, 2013 entry of the resolution in the agency's journal. Thus, the resolution was mailed prior to the expiration of the 30-day period contemplated in R.C. 119.092(B)(1). Therefore, as the situation contemplated by appellant is not present in the record before us, we need not consider it further. *See generally Schwab v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, ¶ 10 (1st Dist.) ("The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case."); *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision*, 140 Ohio St.3d 522, 2014-Ohio-4353, ¶ 37, quoting *State ex rel. Herbert v. Ferguson*, 142 Ohio St. 496 (1944), paragraph two of the syllabus (" 'Constitutional questions will not be decided until the necessity for a decision arises on the record before the court.' ").

{¶ 23} For the foregoing reasons, we find that the trial court did not err in determining that appellant failed to timely file her motion for attorney fees with the Board. Accordingly, we overrule appellant's first assignment of error.

**B. Second Assignment of Error**

{¶ 24} In her second assignment of error, appellant asserts that the trial court erred as a matter of law in concluding that the Board's resolution was not an abuse of

discretion. However, because we have determined that appellant did not timely file her motion for attorney fees pursuant to R.C. 119.092, we find appellant's second assignment of error to be moot.

## III. Disposition

{¶ 25} Having overruled appellant's first assignment of error and rendered moot appellant's second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
BRUNNER, J., concurs separately.

BRUNNER, J., concurring separately.

{¶ 26} I concur with the decision of the majority and would simply add that an administrative agency that adjudicates a matter pursuant to R.C. Chapter 119 should promptly notify the parties of its decision. In the case under review, the agency mailed its decision 12 days following its journal entry with no stated excuse for such a delay. While the majority decision indicates that the agency mailed to appellant a copy of its resolution within the statutory 30-day period, that the agency waited until almost halfway through the appeal time, bodes poorly for its practices as a quasi-judicial body and undermines the public's perception of a fair, adjudicative process.

_____