[Cite as *Cleveland Constr., Inc. v. Ruscilli Constr. Co., Inc.*, 2023-Ohio-363.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cleveland Construction, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-480 |
| v. | : | and |
| | | No. 21AP-375 |
| Ruscilli Construction Co., Inc. et al., | : | (C.P.C. No. 16CV-798) |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on February 8, 2023

**On brief:** *Daniel R. Wireman, Dinsmore & Shohl LLP, Peter J. Georgiton, and Joshua M. Cartee,* for appellant. **Argued:** *Peter J. Georgiton.*

**On brief:** *Ruscilli Construction Co., Inc., Andrew Fredelake, Porter Wright, Morris & Arthur LLP, J. Thomas Nocar, and Ryan Sherman,* for appellee. **Argued:** *J. Thomas Nocar.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Cleveland Construction, Inc. ("Cleveland"), appeals from the decisions of the Franklin County Court of Common Pleas denying Cleveland's motion to partially vacate an arbitration award and granting post-judgment attorneys' fees, costs and interests favor of defendant-appellee, Ruscilli Construction Co., Inc. ("Ruscilli"). For the reasons that follow, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} This appeal arises out of a subcontract for a construction project at the Goodale Landing Building in Columbus, Ohio. The structure is owned by Ohio Presbyterian Retirement Services Communities ("OPRS"). Ruscilli and Cleveland were hired as the project's general contractor and metal stud and drywall subcontractor, respectively. On February 17, 2014, Ruscilli and Cleveland entered into a subcontract for Cleveland's work. During the course of the project, disputes about performance under the agreement arose between Ruscilli and Cleveland.

{¶ 3} Eventually, Cleveland brought claims of breach of contract, violation of the Ohio Prompt Payment Act, foreclosure, and unjust enrichment against Ruscilli. (Jan. 25, 2016 Compl.) Cleveland alleged that Ruscilli required Cleveland to perform "additional work outside the scope" of the parties' agreement, "failed to properly manage the construction schedule," and caused delays and inefficiencies on the project. *Id.* at ¶ 9-13. Additionally, Cleveland alleged that Ruscilli did not pay Cleveland for all of its completed work. *Id.* at ¶ 15. Consequently, Cleveland filed a mechanic's lien on the construction project to protect its interests. *Id.* at ¶ 17.

{¶ 4} Pursuant to Article 6 of the parties' Subcontractor Agreement, which requires arbitration of "[a]ny claim arising out of or related to" it, the parties submitted their claims to binding arbitration before a three-arbitrator panel ("Panel"). *Id.*, Ex. A at 8. After a nine-day arbitration hearing from April 24 to May 5, 2017, the Panel issued an interim arbitration award, disposing of all of Cleveland's claims and Ruscilli's counterclaims. (Nov. 21, 2017 Mot. to Partially Vacate, Ex. 3 hereinafter "Interim Arbitration Award"). The Panel concluded that Cleveland was entitled to an award of $102,271.59, inclusive of pre-judgment interest as of June 12, 2017, with interest accruing at $10.82 per day thereafter

until payment. *Id.* at 18. Additionally, the Panel directed Cleveland to release its mechanic's lien and bond claim upon Ruscilli's payment of the interim award. *Id.*

{¶ 5} In addition to damages related to the contract balance, both Cleveland and Ruscilli made claims for attorneys' fees and costs. For several reasons, the Panel determined that Cleveland was not entitled to an award. The Panel noted that, based on its findings, Ruscilli "had a good-faith basis to withhold funds from" Cleveland. *Id.* at 16. The Panel also referenced its findings when rejecting Cleveland's assertion that Ruscilli had been "vexatious and unreasonable in prosecuting its claims," while nevertheless stating that:

> the Panel acknowledges and agrees that some of the tactics employed by [Ruscilli] and its counsel, specifically the late detailing of its damages, caused problems for [Cleveland's] legal team. The Panel has determined [that Cleveland] had the ability and opportunity to ameliorate any problem created by this late identification through a request for a continuance but chose not to do so.

> *Id.* at 16.

{¶ 6} Thus, the Panel concluded that Cleveland was "not entitled" to an attorney fee award. *Id.*

{¶ 7} Regarding Ruscilli's claim for attorneys' fees and costs, the Panel found that Section 4.6.3.2 of the parties' agreement supported an award. *Id.* at 17. The Panel stated that "[t]he Parties are two sophisticated commercial entities that entered into a negotiated, lengthy Subcontract agreement that included several specific provisions that shifted the risk of [Ruscilli's] attorneys' fees and costs onto [Cleveland] in any dispute between the Parties." *Id.* at 16. Accordingly, the Panel directed Ruscilli to file a petition for attorneys' fees and costs and allowed Cleveland the opportunity to respond. *Id.* at 17.

**{¶ 8}** After reviewing the parties' briefing on the issue, the Panel found that Ruscilli was entitled to recover from Cleveland $624,087.45 in attorneys' fees, costs, and expenses. (Nov. 21, 2017 Mot. to Partially Vacate, Ex. 5.) The combined effect of the interim arbitration award and the final arbitration award was a net award to Ruscilli of $521,885.34.

**{¶ 9}** On the same day the Panel issued the final arbitration award, Cleveland filed suit against OPRS, asserting a claim of tortious interference with a contractual relationship. Based on its finding that the "cases stem from the same construction project and involve substantially similar parties and related issues," the trial court ordered the cases to be consolidated. (Apr. 20, 2018 Decision & Entry.) The trial court also ordered "all future filings" to "be filed in both cases," based on its Local Rule 31.02(E)(2). *Id.*

**{¶ 10}** Cleveland also filed a motion under R.C. 2711.10 in the trial court to partially vacate the arbitration award, arguing that the Panel exceeded its authority by ignoring a notice provision under Article 3.3.2.2 of the parties' subcontract. (Nov. 21, 2017 Mot. to Partially Vacate Arbitration Award.) The trial court rejected Cleveland's argument and denied the motion, noting that the language Cleveland had cited to support its argument actually applied to the Panel's ruling on attorneys' fees. (May 15, 2018 Decision & Entry at 7.)

**{¶ 11}** As the litigation continued, Ruscilli filed several motions to increase its award of post-judgment attorney fees, costs and interest. (June 1, 2018 Petition for Post-Jgmt. Attorneys' Fees, Costs, and Interest; Oct. 14, 2019 Second Supp.; Mar. 18, 2020 Third Supp.) Because Cleveland had not released its mechanic's lien as the arbitrators ordered, Ruscilli claimed that it had incurred an additional $12,223 in bond premium payments per

year. *Id.* at 3. Ruscilli also claimed additional attorneys' fees arising from Cleveland's filing of the case against OPRS. *Id.* at 5.

{¶ 12} After a hearing, a magistrate concluded that Ruscilli was entitled to recover the following from Cleveland: (1) post-judgment interest on the unpaid arbitration award in the amount of $59,006.45 as of March 18, 2020; (2) post-judgment attorney fees in the amount of $86,805.96 as of March 18, 2020; and (3) bond premium costs in the amount of $36,669 for 2018, 2019, and 2020 on the unreleased mechanic's lien. (June 8, 2020 Mag.'s Decision at 27.) Cleveland filed objections to the decision, but the trial court overruled them and adopted the magistrate's decision. (June 30, 2021 Jgmt. Entry.)

{¶ 13} Cleveland has appealed and asserts the following assignments of error:

> [I.] THE TRIAL COURT ERRED IN FAILING TO VACATE THE PORTION OF THE ARBITRATION AWARD IN FAVOR OF RUSCILLI CONSTRUCTION, INC.
>
> [II.] THE TRIAL COURT ERRED IN CONCLUDING THAT RUSCILLI CONSTRUCTION IS ENTITLED TO ITS POST-ARBITRATION ATTORNEYS' FEES.
>
> [III.] THE TRIAL COURT ERRED IN CONCLUDING THAT RUSCILLII CONSTRUCTION IS ENTITLED TO ATTORNEYS' FEES FOR MONITORING ACTIVITY IN A CASE TO WHICH IT WAS NOT A PARTY.
>
> [IV.] THE TRIAL COURT ERRED IN CONCLUDING THAT RUSCILLI CONSTRUCTION IS ENTITLED TO ITS BOND PREMIUM PAYMENTS.

## II. STANDARD OF REVIEW

{¶ 14} A mixed standard of review applies to appellate review of a trial court's decision review of an arbitration award under R.C. 2711.10: "when reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide

questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 26.  Furthermore, "[t]he question whether an arbitrator has exceeded his authority is a question of law." *Id.* at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000).

{¶ 15} The trial court's decision to award post-arbitration attorney fees will be reviewed under an abuse of discretion standard.  *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991).  However, its interpretation of the parties' contract as the basis for awarding fees and bond payments is reviewed de novo.  *EAC Properties, L.L.C. v. Brightwell*, 10th Dist. No. 13AP-773, 2014-Ohio-2078, ¶ 9, citing *Long Beach Assn. v. Jones*, 82 Ohio St.3d 574, 576 (1998).

## III. ANALYSIS

{¶ 16} "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award."  *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. No. 12AP-451, 2013-Ohio-1057, ¶ 22, citing *Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278 ¶ 13. *See also Bd. of Trustees v. FOP, Ohio Labor Council*, 81 Ohio St.3d 269, 273 (1998) ("Once the arbitrator has made an award, that award will not be easily overturned or modified."). R.C. 2711.10 defines the limited authority courts have for vacating an arbitration award. *Goodyear Tire & Rubber Co. v. Local Union No. 220, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516 (1975), paragraph two of the syllabus (stating that the statute "limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority").

{¶ 17} Relevant here is the ground set forth in R.C. 2711.10(D), under which a court must vacate an arbitration award if "[t]he arbitrators exceeded their powers, or so

imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." "An arbitrator derives his power from the parties' contract." *Professionals Guild of Ohio v. Franklin Cty. Children Servs.*, 180 Ohio App.3d 91, 2008-Ohio-6682, ¶ 13 (10th Dist.). Thus, "an arbitrator exceeds his powers when the award conflicts with the express terms of the agreement or cannot be derived rationally from the terms of the agreement." *Summit Cty. Children Servs. Bd. v. Community Workers, Local 4546*, 113 Ohio St.3d 291, 2007-Ohio-1949, ¶ 13, citing *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11*, 59 Ohio St.3d 177 (1991), syllabus. On the other hand, where "there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful," the arbitrator's award draws its essence from the parties' agreement and will not be vacated under R.C. 2711.10(D). *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80 (1986), paragraph one of the syllabus.

## A. First Assignment of Error

{¶ 18} In the first assignment of error, Cleveland contends that the arbitrators exceeded their authority by not recognizing the materiality of Article 3.3.2.2 of the parties' agreement, which required Ruscilli to provide "a written compilation -- in other words, backup documentation" to support any claim for costs arising from Cleveland's alleged failure to perform. (Brief of Plaintiff-Appellant at 28.) Article 3.3.2 states:

> [Ruscilli's] claims for the costs of services or materials provided due to [Cleveland's] failure to execute the Work shall require:
>
> 1. seven days' written notice prior to [Ruscilli] providing services or materials, except in an emergency; and
>
> 2. written compilations to [Cleveland] of services and materials provided by [Ruscilli] and charges for such services and materials no later than the fifteenth day of the

month following [Ruscilli] providing such services or materials.

(Jan. 25, 2016 Compl., Ex. A at 5.)

{¶ 19} According to Cleveland, it is "undisputed" that Ruscilli did not comply with this provision, which Cleveland claims was "a material term" of the parties' agreement under *IPS Elec. Servs., LLC v. Univ. of Toledo*, 10th Dist. No. 15AP-207, 2016-Ohio-361. (Brief of Plaintiff-Appellant at 28.) Citing page 16 of the Panel's decision, Cleveland states: "The arbitration panel acknowledged that documentation detailing Ruscilli's alleged damages was not provided until just before the hearing – long after the time required under the subcontract." *Id.* at 28-29.

{¶ 20} The Panel's award provides no support for Cleveland's assertion that Ruscilli ignored any material notice provision of the parties' agreement. The Panel stated that Ruscilli "submitted documentation, including numerous notices of default, many of which detailed specific defective conditions." (Interim Arbitration Award at 4.) The Panel stated that Cleveland "provided little, if any, evidence addressing its responses to the various [Ruscilli] notices of default which would demonstrate why those contemporaneous notices were somehow incorrect." *Id.* With regard to Ruscilli's claim for nonconforming drywall, the Panel specifically found that Ruscilli "gave proper notice entitling it to repair defective work, complete incomplete work, and pay other trades for repairing their work caused by [Cleveland's] actions." *Id.* at 6. The Panel's findings flatly contradict Cleveland's assertion that it was "undisputed" that Ruscilli had ignored its obligation to provide notice. The findings also demonstrate that the Panel considered such notice requirements integral to Ruscilli's claims, thereby undermining Cleveland's argument that the Panel ignored a

material provision of the parties' agreement, which is the entire premise of its position that the Panel exceeded its authority under R.C. 2711.10.

{¶ 21} Moreover, the portion of the Panel's award cited by Cleveland to support its claim that the Panel had "acknowledged" that Ruscilli had failed to comply with the notice provision appears to refer to the activity of Ruscilli's counsel during discovery or in preparation for the hearing, well after the period of time when Ruscilli's claims and obligations of notice under the agreement had passed. The Panel recognized that "some of the tactics employed by [Ruscilli] and its counsel, specifically the late detailing of its damages, caused problems for [Cleveland's] legal team," but concluded that Cleveland nevertheless "had the ability and opportunity to ameliorate any problem created by this late identification through a request for a continuance but chose not to do so." (Interim Arbitration Award at 16.) The Panel also stated that it relied on the foregoing findings to reject Cleveland's argument that Ruscilli "was vexatious and unreasonable in prosecuting its claims." *Id.* The only plausible interpretation of these events is that they occurred during litigation, not during the construction project.

{¶ 22} Finally, as the trial court noted, this discussion appears in the context of the Panel's analysis of whether Ruscilli was entitled to attorneys' fees, not the substance of the parties' claims. (May 15, 2018 Decision & Entry at 7.) After its "review of the arbitrators' award," the trial court concluded that "it did not depart from the essence of the subcontract." *Id*. at 5. In this appeal, Cleveland has presented no compelling challenge to the trial court's conclusion that the award draws its essence from the parties' agreement. Furthermore, Cleveland has failed to identify the absence of a rational nexus between the agreement and the award or any basis to indicate that the award was arbitrary, capricious,

or unlawful.  Accordingly, the trial court did not err by refusing to vacate the award under R.C. 2711.10(D).  The first assignment of error is overruled.

### B. Second & Third Assignments of Error

**{¶ 23}** In its second assignment of error, Cleveland contends that the trial court erred in concluding that Ruscilli is entitled to its post-arbitration attorneys' fees. When awarding post-arbitration attorneys' fees to Ruscilli, the trial court relied on Article 4.6.3.2 of the Supplementary Conditions to the parties' subcontract.  Article 4.6.3.2 provides:

> 4.6.3 To the fullest extent permitted by law, [Cleveland] shall indemnify and hold harmless [Ruscilli] from and against claims, damages, losses and expenses, including but not limited to its actual attorneys' fees incurred, arising out of or resulting from performance of Subcontract. This indemnity shall include, but not be limited to the following:
>
> * * *
>
> 4.6.3.2. The prosecution of any claim by [Ruscilli] against [Cleveland] or an[y] of its subcontractors or suppliers for breach of contract, negligence or defective work.
>
> 4.6.3.3. Any action, whether in prosecution or defense, relating to or arising from the filing or removal of any mechanic's lien filed by [Cleveland] or any of its subcontractors, suppliers, or laborers.
>
> 4.6.3.4. The defense of any claim asserted by [Cleveland] against [Ruscilli] whether for additional compensation, breach of contract, negligence, or any other cause.

 (June 30, 2021 Jgmt. Entry at 5.)

**{¶ 24}** Cleveland argues that "post-arbitration proceedings do not 'arise out of or result from performance of the Subcontract' " as stated in Section 4.6.3, and that the provision does not specifically "provide for the recovery of fees in post-judgment proceedings."   (Brief of Plaintiff-Appellant at 35.)   Cleveland also argues that the description of "any claim * * * for breach of contract, negligence, or defective work" limits

the indemnification the fee-shifting clause otherwise provides. *Id.* at 37. Cleveland does not challenge the reasonableness of the fee amount as calculated, but whether the agreement itself authorizes them.

{¶ 25} The default "American Rule" requires each party to pay its own attorney fees in litigation, but three exceptions to the rule exist: a statute authorizing attorney fees, a finding of bad faith conduct by one party, or a fee-shifting provision in the parties' agreement. *Orth v. State*, 10th Dist. No. 14AP-937, 2015-Ohio-3977, ¶ 12. In this case, the parties' agreement contains a fee-shifting provision in favor of Ruscilli.

{¶ 26} When applying this provision, the trial court did not abuse its discretion by awarding Ruscilli attorney fees in post-arbitration proceedings challenging the arbitrator's award. The agreement broadly required Cleveland to indemnify Ruscilli "from and against claims, damages, losses and expenses, including but not limited to its actual attorneys' fees incurred, arising out of or resulting from performance of Subcontract." This language does not limit the indemnification to arbitration proceedings. Parties may expressly contract to limit attorney fees to arbitration, but that is not the case here. For example, in *Handel's Ent. v. Wood*, 7th Dist. No. 04 MA 238, 2005-Ohio-6922, ¶ 106, a party unsuccessfully moved the trial court for attorney fees incurred during the post-arbitration confirmation proceeding, citing a fee-shifting provision stating that the "costs and expenses of arbitration, including the fees of the arbitrators, shall be borne by the losing party or in such proportions as the arbitrators shall determine." The Seventh District affirmed the decision refusing to award attorney fees, noting that "the words 'costs and expenses of arbitration' only address the arbitration and not the confirming of that arbitration award." *Id.* at ¶ 107. Here, the parties' agreement placed no similar limitation on Cleveland's obligation to indemnify Ruscilli.

{¶ 27} Nor do the subsections following the main indemnification clause limit its scope, as Cleveland suggests. They are introduced by stating that Cleveland's "indemnity shall include, but not be limited to," the examples provided, which do not limit the scope of indemnity. Cleveland believes they should be limited, citing the "principle of construction known as ejusdem generis [that] requires that a general phrase following an enumeration of specific items includes only things of the same nature as those items which were specified." *Direct Carpet Mills Outlet, Inc. v. Amalgamated Realty Co.*, 10th Dist. No. 87AP-101, 1988 Ohio App. LEXIS 3349, *8 (Aug. 11, 1988). However, "while firmly established as an interpretive rule, the ejusdem generis rule 'is only an instrumentality for ascertaining the correct meaning of words when there is uncertainty.' " *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, ¶ 27, quoting *United States v. Powell*, 423 U.S. 87, 91 (1975). Cleveland does not argue that the language is ambiguous. Like the trial court, we consider it clear.

{¶ 28} In addition, the language of the indemnification does not contain a general phrase following an enumeration of specific items such as the language discussed in *Direct Carpet Mills Outlet, Inc.*, which concerned an insurance exclusion defined as "damages for water, fire, explosion, wind or accident of any kind" and limited the exclusion to " things similar in nature to fire, explosion, and wind," excluding negligence. *Direct Carpet Mills Outlet, Inc.* at *8. In contrast, the first paragraph of the parties' indemnification provision expressly states that "indemnity shall include, but not be limited to" the examples that follow. *Brown v. Creative Restaurants, Inc.*, W.D.Tenn. No. 11-2710-STA-cgc, 2013 U.S. Dist. LEXIS 189927, *15 (Feb. 19, 2013) (holding that esjudem generis did not apply where unambiguous statute prefaced examples with the phrase "including without limitation").

Thus, even if the agreement were ambiguous, we are not convinced that the canon of construction Cleveland points to would apply.

{¶ 29} As the trial court noted, once Cleveland filed the motion to vacate the arbitration award, "Ruscilli necessarily needed to defend the[] claims by Cleveland" to defend the award. (June 30, 2021 Jgmt. Entry at 6.) The trial court did not err when concluding that the provision required it to indemnify Ruscilli for attorneys' fees incurred in the post-arbitration proceeding.

{¶ 30} Finally, the trial court did not abuse its discretion when awarding attorney fees to Ruscilli's attorneys when performing work on the consolidated case. When arguing for consolidation of the cases, ORPS argued that both actions arose out of the parties' subcontract and Cleveland's "filing of a second action, even under a different legal theory, [was] improper claim splitting." (Sept. 20, 2017 Mot. to Consolidate Cases at 2.) Cleveland did not oppose the motion. When ordering consolidation, the trial court ruled that the cases "stem from the same construction project and involve substantially similar parties and related issues." (Apr. 20, 2018 Decision & Entry at 2.) Because of breadth of the indemnification provision, once the consolidation was in effect, Cleveland should have been aware that it was potentially liable for any of Ruscilli's attorney fees in the consolidated case. Even before initiating the ancillary litigation with OPRS, this potential liability was clear. The second and third assignments of error are overruled.

## C. Fourth Assignment of Error

{¶ 31} In the final assignment of error, Cleveland contends the trial court erred in concluding that Ruscilli is entitled to its bond premium payments. Cleveland asserts that it has a right to file a lien to protect its interests, pursuant to R.C. 1311.01, et seq., Ohio's mechanic's lien law. (Brief of Plaintiff-Appellant at 42. ) According to Cleveland, because

there is no "statutory authority for assessing bond premium payment as costs," the trial court erred by awarding them to Ruscilli.

{¶ 32} The trial court did not rely on any statutory authority when ordering the payment of Ruscilli's bond premium payments. Rather, it relied upon Section 4.6.3 of the parties' agreement, which required Cleveland to indemnify Ruscilli for any "claims, damages, losses and expenses" that included "[a]ny action, whether in prosecution or defense, relating to or arising from the filing or removal of any mechanic's lien filed by [Cleveland] or any of its subcontractors, suppliers, or laborers." (June 30, 2021 Jgmt. Entry at 5.)

{¶ 33} Cleveland's sole argument against the trial court's decision to enforce this language is that the Panel chose not to order it to reimburse Ruscilli for bond premium payments in the original arbitration award. (Brief of Plaintiff-Appellant at 41.) This argument does not address the language of the indemnification provision itself, which expressly recognizes Ruscilli's entitlement to compensation. Furthermore, it is doubtful that the Panel could have foreseen Cleveland's refusal to not comply with its order to release the lien for years after issuing its award. As the trial court noted, timely compliance with the Panel's order "would have prevented Ruscilli from continuing to incur the bond premium payments," but it made "the conscious choice not to release the mechanic's lien." (June 30, 2021 Jgmt. Entry at 7.) By choosing not to release the mechanic's lien, Cleveland caused Ruscilli to continue incurring bond claim premiums beyond September 6, 2017. The trial court's award limits Ruscilli's recovery to the bond premiums incurred after Cleveland consciously chose to ignore the arbitration panel's orders. These additional costs are a direct result of Cleveland's decision to ignore the Panel's orders. The fourth assignment of error is overruled.

## IV.  CONCLUSION

{¶ 34} Having overruled Cleveland's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J. and KLATT, J., concur.

_____